Marianne VAN CAMP, Plaintiff,

v.

Mark McAFOOS, Patricia R. McAfoos, and William C. McAfoos, Defendants.

No. 52841.

Supreme Court of Iowa.

March 5, 1968.

Carl W. Schultz, Davenport, for appellant.

Lane & Waterman, Davenport, for appellees.

BECKER, Justice.

This case comes to us on appeal from trial court's action in sustaining defendant's motion to dismiss. We are therefore limited to what can be gleaned from the pleadings.

In Division I of her petition plaintiff sues Mark McAfoos alleging in pertinent part, "That at said time and place defendant Mark McAfoos was operating a tricycle on said public sidewalk, and drove the tricycle into the rear of the plaintiff without warning, striking the right leg of the plaintiff thereby causing an injury to the Achilles' tendon of that leg.

"That as a direct and proximate cause of this defendant's action, plaintiff's tendon was injured and subsequently required surgery * * *"

Division I does not reveal Mark's age but Division II alleges he was three years one month old at the time of the incident. Defendant moved to dismiss the petition urging it fails to state a claim upon which relief can be granted, fails to allege negligence and because of the Division II allegation that defendant is only three years one month old he is *non sui juris* as a matter of law.

Division II is directed against Patricia R. McAfoos and William C. McAfoos, Mark's parents. The pertinent allegations are, "That the defendants William C. McAfoos and Patricia R. McAfoos are the parents of Mark McAfoos, who was at all times material a minor, age three years and one month. That the said Mark McAfoos was in the custody of his parents. That at the time complained of, the parties had given control of Mark to a baby-sitter. The defendants William C. McAfoos and Patricia R. McAfoos furnished a tricycle to Mark McAfoos for play purposes and knew or should have known that Mark had a propensity for riding the same upon or near the public sidewalk so as to create an unreasonable risk of harm to the users of the sidewalk.

"That the defendants knew or should have known of the risk of harm to others and had a duty to warn the babysitter and direct her to exercise proper control of the child during the play with the tricycle.

"That the defendants failed to instruct the babysitter in violation of the duty aforesaid and that such failure and breach of duty is negligence.

"That the negligence of the defendants was the proximate cause of the injury and damage to the Plaintiff."

Defendant parents moved to dismiss Division II on asserting the division fails to

state a claim upon which relief can be granted and: "Defendants, William C. McAfoos and Patricia R. McAfoos, can not be held liable to plaintiff as a matter of law because of any alleged propensity on the part of their three year old child to ride a tricycle upon or near a public sidewalk. A tricycle is not in and of itself a dangerous instrumentality and the conduct of the minor defendant was not of such stature as to impose a duty on the part of the defendants-parents to warn a baby sitter to direct and exercise proper control over the child while playing with the tricycle."

The trial court sustained the motion to dismiss as to Division I stating in part, "It is not alleged that the defendant was negligent. It is not alleged that the action of the defendant was willful or wrongful in any manner. Under these circumstances it is difficult to see how the Division as now set out states any basis upon which the plaintiff could recover."

The court sustained the motion to dismiss as to Division II stating in essence that the allegation of negligence in failing to warn the babysitter of their minor son's propensity to ride his tricycle at or near the public sidewalk and to direct her to exercise proper control over him is not sufficient, standing alone, to charge actionable negligence. The court noted plaintiff's allegation that the parents knew or should have known the propensity involved an unreasonable risk of harm to others.

The question presented is, did plaintiff plead a cause of action in either division? We first address ourselves to plaintiff's right to remain in court under the allegations in Division I in absence of alleged facts from which the inference of *wrongful* action of some kind can be drawn.

■ I. Plaintiff's sole assignment of error as to Division I is "The trial court erred in failing to recognize categories of tort liability other than negligence, in evalu-

ating the pleading in plaintiff's first division."

Plaintiff states her petition contains the following ultimate facts (1) she was rightfully using the public sidewalk (and thus had a right to the reasonably free use thereof and to remain uninjured during such use), (2) defendant used his tricycle on the public sidewalk (and thus had a duty to use the same without injurious interference with others), (3) surprise intrusion of the tricycle into the right rear ankle of plaintiff (thus interfering with plaintiff's right and stating defendant activated the mechanism causing the injury) and (4) damage resulted from the intrusion. She stands firmly on the proposition that invasion of her person is in itself a wrong and she need plead no more. We do not agree.

The extent of plaintiff's allegations were deliberately limited to those heretofore set forth and she so states. She therefore poses our problem independent of Mark's age. The trial court responded in kind and entered judgment on the pleadings without regard to the known allegation in Division II that Mark was three years, one month old.

In essence plaintiff urges a person has a right not to be injuriously touched or struck as she lawfully uses a public sidewalk. She was injuriously struck by Mark. Therefore Mark is liable. She argues that no more need be pleaded. It follows that no more need be proved in order to justify submission of the case. Plaintiff's posture satisfies us she would have us impose liability without fault. We are not prepared to extend this concept to childish acts (by children).

II. Plaintiff's reply brief states: "If the absence of a single word or conclusory label remains the *sine qua non* of pleading a valid cause of action, we have restored today's jurisprudence to the specious procedural formalism of the 18th Century common courts."

■ We are aware of the general rules of pleading summarized in Halvorson v. City of Decorah, 258 Iowa 314, 138 N.W. 2d 860: "Where a doubtful pleading is directly attacked by motion before issue is joined or in the answer as permitted by rule 72, R.C.P., it will be resolved against the pleader. (cases cited) If, however, the petition does allege ultimate facts upon which plaintiff might recover and states a claim under which evidence may be introduced in support thereof, or if attack is delayed, the petition should be construed in the light most favorable to the plaintiff with doubts resolved in his favor and the allegations accepted as true. (cases cited)

"A motion to dismiss is sustainable only where it appears to a certainty a plaintiff would not be entitled to any relief under any state of facts which could be proved in support of the claims asserted by him. Newton v. City of Grundy Center, supra."

■ To these rules we would add a quotation from Cuthbertson v. Harry C. Harter Post No. 839, 245 Iowa 922, 929, 65 N.W.2d 83, 88: "The issue of a lawsuit should be presented in an open and forthright manner. There is no justification for a pleading by innuendo in our procedure."

■ The trial court's ruling was not a return to legal formalism. Plaintiff makes it abundantly clear she insists on a right to recovery by proof of an accident caused by another, independent of fault or wrong doing. Where an essential element of the cause of action is missing, the question is not what may be shown under the pleading but whether a cause of action has been pled.

■ Rule of Civil Procedure No. 70 provides: "The petition shall state whether it is at law or in equity, the facts constituting the cause or causes of action asserted, the relief demanded, and, if for money the amount thereof." In order to plead a cause of action the pleader must allege ultimate facts from which the fact finder can conclude the essential elements of the cause are present. We agree the conclusion itself need not necessarily be pled if the ultimate facts are contained in the pleading.[1]

Here no ultimate facts giving rise to the concept of *wrongful* action are pled. Plaintiff insists they need not be set forth. In her reply she poses the question in stark terms. "Any social or public policy decision involves a collision of rights. Which right merits judicial recognition? The right of a pedestrian to walk uninjured upon a public sidewalk, or the right of a child to propel a tricycle upon that public sidewalk to the injury of that pedestrian? As a matter of public policy, which right is more valuable?"

Faced with this choice of social policy, we hold liability will not be imposed for use of a tricycle on a public sidewalk without a showing (and thus a pleading) of some fault. Unless and until we are ready to recognize liability without fault for otherwise innocent childish actions, fault must be discernible in the pleading and in proof. No statute or ordinance is cited prohibiting use of a tricycle on a public sidewalk. Intentionally wrongful or negligently wrongful use of the tricycle is neither pled nor can it be made out from the bare allegation defendant "operated a tricycle on said public sidewalk and drove the tricycle into the rear of the plaintiff without warning." That some fault element is necessary would seem clear from the cases collected at 67 A.L.R.2d 570, et seq.

III. Plaintiff cites many cases from other jurisdictions holding a child of tender years may be liable *in tort* for injurious conduct resulting in trespass to the person. Keel v. Hainline, Okl., 331 P.2d 397; Baldinger v. Banks, 26 Misc.2d 1086, 201 N.Y.S.

---

1. For early discussion of need for pleading sufficient facts showing the pleader is entitled to relief under federal rules (which appear broader than ours) see: Federal Rules of Civil Procedure Pleadings, Motions, Parties and Pre-trial Procedure, 1 F.R.D., 315; Simplified Pleading, 2 F.R. D., 456.

2d 629; Zuckerbrod v. Burch, 88 N.J.Super. 1, 210 A.2d 425; Brown v. Dellinger, Tex. Civ.App., 355 S.W.2d 742; Jorgensen v. Nudelman, 45 Ill.App.2d 350, 195 N.E.2d 422; Singer v. Marx, 144 Cal.App.2d 637, 301 P.2d 440; Ellis v. D'Angelo, 116 Cal. App.2d 310, 253 P.2d 675; Garratt v. Dailey, 46 Wash.2d 197, 279 P.2d 1091.[2] All of the foregoing cases involve the fault concept. Many turn on the question of whether the child could be guilty of the fault charged but each case has fault as one of the essential elements of liability. We need not disagree with those authorities. Whatever her motive, plaintiff has chosen to plead in such a way as to avoid bringing herself within the scope of those cases.

52 Am.Jur., Torts, section 2, page 362 defines tort as follows: "Definitions and Distinctions—A tort is sometimes defined as a wrong independent of contract, or as a breach of duty which the law, as distinguished from a mere contract, has imposed. Generally speaking, a tort is a wrong, and a tortious act is a wrongful act. A tortious act has also been defined as the commission or omission of an act by one, without right, whereby another receives some injury, directly or indirectly, in person, property, or reputation." See 86 C.J.S. Torts § 1, p. 922.

Restatement, Second, Torts, does not attempt to define a tort but gives a broad and useful definition of tortious conduct at section 6. "The word 'tortious' is used throughout the Restatement of this Subject to denote the fact that conduct whether of act or omission is of such a character as to subject the actor to liability under the principles of the law of Torts."

The Restatement definition is broad enough to include strict liability without fault. Absent ultimate fact allegations bringing plaintiff's case within that exception a cause of action in tort is not stated in the pleadings.

■ IV. Much of what has been said in Division I is applicable to Division II.

Restatement, Torts, 2d, section 316 provides: "A parent is under a duty to exercise reasonable care so to control his minor child as to prevent it from intentionally harming others or from so conducting itself as to create an unreasonable risk of bodily harm to them, if the parent (a) knows or has reason to know that he has the ability to control his child, and (b) knows or should know of the necessity and opportunity for exercising such control."

The litigants seem to agree the above section from Restatement, Torts, states the applicable law. We have not passed on the matter. Cases from other jurisdiction will be noted, infra. They disagree on the applicability of the pleaded facts to the law. Again, defendant points to petitioner's failure to allege any facts indicating the parents knew or should have known their child was prone to use his tricycle in an unusual, intentionally harmful or other wrongful manner. Defendant argues this failure leaves the proposition that normal use of a tricycle is so apt to cause an unreasonable danger of harm to others that defendant parents had a duty to especially caution the babysitter to watch and control the child while he rode his tricycle. We agree this is the effect of plaintiff's plea. We also agree this does not state a cause of action.

Singer v. Marx, 144 Cal.App.2d 637, 301 P.2d 440 considers a case where a nine year old boy threw a rock at one companion but

2. Law review article examining the subject include: Comments—Torts—The Liability of the Parent for the Tort of the Child, Kan.L.Rev., Vol. XXVIII, No. 2, Summer 1960, Comment; Parental Liability for Torts of Children, 51 Ky.L.J., 1962; Tort Responsibility of Parents and Teachers for Damage Caused by Children, 16 U. Toronto L.J. 165–172, No. 1, 1965; Torts—Parent and Child—Parent Liable for Tort of Child Where Parent Negligent in Failing to Restrain Child, Case Comments, 64 W.Va.L.Rev. 354, No. 3, April 1992; Torts—Liability of Parent for the Tortious Acts of Minor Children—Amount of Control required to Support the Parent's Liability, 16 Ala.L. Rev., Fall 1963.

struck another companion unintentionally. The California court said: "The propriety of the like ruling in favor of the parents turns upon whether there was substantial proof of negligence on their part in failing to perform the duty of exercising reasonable control over a child *known to possess and exercise dangerous proclivities toward other people.* Prosser on Torts, 2nd Ed., page 681, states the matter thus: 'But beyond this, the parent has a special power of control over the conduct of the child, which he is under a duty to exercise reasonably for the protection of others. He may thus be liable for a failure to take the gun away from the child when he finds him with it, or to make reasonable efforts to restrain and correct him when he manifests a tendency to beat other children with a stick, or to shoot at horses in the street. Probably, however, the effect of the decided cases is that there is no liability upon the parent unless he has had an opportunity to correct a specific propensity on the part of the child, and that it is too much to hold the parent responsible for general incorrigibility and a bad disposition. He may, however, be under a duty to warn others who may suffer from such characteristics.'" (emphasis added)

We have carefully considered all of the cases cited by plaintiff as well as those cited by defendant. The universal rule seems to require a propensity on the part of the child to act wrongfully and facts indicating the parents knew or should have known of such propensity.

Neither essential element is pleaded by plaintiff. She does not aver that Mark's tricycle riding was wrongful in any way; only that tricycle riding on the sidewalk creates an unreasonable risk of harm to other users of the sidewalk. We are unwilling to say a three year old child's propensity for riding a tricycle on a public sidewalk creates, without more, such an unreasonable risk of harm to others as to require reasonable parents to take special precautions, such as special warnings to a babysitter.

The parents' knowledge that Mark rode his trike on the sidewalk would not help plaintiff unless the parents knew or should have known of some unusually dangerous activities or propensities of the child while engaged in such activity. Of course, if abnormal use of the tricycle constituting unreasonable risk of harm to others is involved, we have a different question. We need not consider that question because plaintiff did not plead facts giving rise to it.

We cannot equate a three year old tricyclist on a public sidewalk with a six year old child shooting at a target in the street with a .22 rifle, example used in Restatement, Torts, 2d, section 316, p. 124; or with a nine year old boy throwing a rock at another, Singer v. Marx, supra (and had been known for his rock throwing activities with proven complaints to the mother); or with bow and arrow in the hands of a three year old boy, Connor v. Houtman, Okl., 350 P.2d 311 (where liability was denied); or with an air rifle in the hands of a nine year old boy who had previously shot at other people, Lane v. Chatham, 251 N.C. 400, 111 S.E.2d 598; or with those cases where the child had a known propensity to hit, shove or fight with others and finally caused an injury resulting in a law suit; Ellis v. D'Angelo, 253 P.2d 675 and cases cited therein at 679.

Affirmed.

All Justices concur except LeGRAND, J., who takes no part.