**ROADWAY EXPRESS, INC., Plaintiff,**

v.

**Roger PIEKENBROCK and Orietta Dolter, Defendants.**

No. 65559.

Supreme Court of Iowa.

June 17, 1981.

Richard S. Fry and Richard C. Garberson of Shuttleworth & Ingersoll, Cedar Rapids, for plaintiff.

John D. Randall, Jr., Cedar Rapids, for defendants.

Considered by REYNOLDSON, C. J., and LeGRAND, McCORMICK, ALLBEE, and SCHULTZ, JJ.

REYNOLDSON, Chief Justice.

Pursuant to chapter 684A, The Code 1981, and division VI of the Iowa Rules of Appellate Procedure, the United States District Court for the Northern District of Iowa has certified here two law questions: (1) Can one who leaves the key in the ignition of an unlocked automobile, or in plain view inside the automobile, be held liable for damages to a third party proximately caused by the negligent operation of the automobile by a person who has stolen it? (2) Can the owner of an automobile be held liable under section 321.493, The Code 1979, for the negligence of the possessor of the automobile with the owner's consent when the alleged negligent act is the possessor's leaving the key in the ignition of the unlocked vehicle or in plain view inside the vehicle?

We hold, on the facts presented, the answer to the first question is "no." Consequently, we are not required to answer the second.

The limited facts certified disclose that defendant Dolter owned a 1977 Corvette, which defendant Piekenbrock was permitted to drive. August 17, 1978, Piekenbrock parked the car on Fifth Street in Dubuque, leaving the keys in the ignition. Michael Kahler, who is not a party to this lawsuit, stole the Corvette at approximately 4:30 p. m. About twenty-one minutes later Kahler drove the car across the center line of highway 20 in Dubuque County and

collided with a semitrailer owned by plaintiff Roadway Express, Inc. (Roadway).

In its suit against Piekenbrock and Dolter, Roadway alleged Kahler's negligent operation of the car was the proximate cause of Roadway's loss. The complaint also alleged Piekenbrock was negligent in leaving the keys in the ignition of the Corvette, which was the proximate cause of Roadway's loss. Finally, Roadway asserted Piekenbrock's liability was imputed to car-owner Dolter based on section 321.493, The Code, which states in pertinent part:

> In all cases where damage is done by any motor vehicle by reason of negligence of the driver, and driven with the consent of the owner, the owner of the motor vehicle shall be liable for such damage.

Piekenbrock and Dolter filed separate motions to dismiss the complaint for failure to state a claim. Confronted with an absence of controlling Iowa precedent, the federal district court certified the above questions to us.

Apparently no duty created by statute or city ordinance required Piekenbrock to remove the key from the ignition to protect Roadway or a class of which Roadway was a member. In absence of a key-in-ignition statute or ordinance, the vast majority of courts have held a motorist who fails to remove the key from a car's ignition is not liable to the victim of an accident caused by an intermeddler. Annot., 45 A.L.R.3d 787 (1972). Liability has been denied on two grounds: (1) failure to remove the key is not in itself a negligent omission because there was no duty, see *Richards v. Stanley*, 43 Cal.2d 60, 66, 271 P.2d 23, 26 (1954); *De Castro v. Boylan*, 367 So.2d 83, 84 (La.App.), *cert. denied*, 369 So.2d 458 (La.1979); *Flannery v. Sample Hart Motor Co.*, 194 Neb. 244, 248, 231 N.W.2d 339, 342 (1975); *Elliott v. Mallory Electric Corp.*, 93 Nev. 580, 586, 571 P.2d 397, 400–01 (1977), or (2) failure to remove the key in itself, although negligent, is not the proximate cause of the injuries resulting from the thief-driver's tortious conduct, see *Vines v. Plantation Motor Lodge*, 336 So.2d 1338, 1340 (Ala. 1976); *Surratt v. Petrol, Inc.*, 160 Ind.App.

479, 483, 312 N.E.2d 487, 490 (1974); *Dix v. Motor Market, Inc.*, 540 S.W.2d 927, 933 (Mo.App.1976); *Keefe v. McArdle*, 109 R.I. 90, 92, 280 A.2d 328, 329 (1971); *Parker v. Charlie Kittle Pontiac Co.*, 495 S.W.2d 810, 812 (Tenn.1973).

In 1972, a New Jersey court found the owner could be liable in these circumstances, asserting it was joining a "substantial and growing" minority. *Zinck v. Whelan*, 120 N.J.Super. 432, 439, 449, 294 A.2d 727, 730, 736 (App.Div.1972). The court identified the minority jurisdictions in a string citation. It is plain, however, that only three jurisdictions—Connecticut, Oregon, and the District of Columbia—hold an owner who leaves a key in the ignition may be liable to a plaintiff injured by a thief operating defendant-owner's car in the absence of a key-in-ignition statute or ordinance. *Schaff v. R. W. Claxton, Inc.*, 144 F.2d 532, 533 (D.C. Cir. 1944), *aff'd*, 169 F.2d 303 (D.C. Cir.), *cert. denied*, 335 U.S. 871, 69 S.Ct. 168, 93 L.Ed. 415 (1948); *Smith v. Leuthner*, 156 Conn. 422, 425–26, 242 A.2d 728, 730 (1968); *Mezyk v. National Repossessions, Inc.*, 241 Or. 333, 340, 405 P.2d 840, 843–44 (1965).

Since *Zinck*, only two state supreme courts have held that jury questions of negligence, liability and proximate cause arise in absence of a statute or ordinance requiring motorists to remove keys from the ignition of their vehicles. *State Farm Mutual Automobile Insurance Co. v. Grain Belt Breweries, Inc.*, 309 Minn. 376, 381–82, 245 N.W.2d 186, 189–90 (1976) (whether the negligent driving after the theft is an intervening efficient cause is a fact question for jury); *Hill v. Yaskin*, 75 N.J. 139, 144–48, 380 A.2d 1107, 1110–11 (1977) (upholding *Zinck* court's reasoning that jury should determine liability of owner who left key in ignition of her car on parking lot for damage caused by thief). Both decisions involved "special circumstances," an exception sometimes applied to the no-liability rule. For example, in *Grain Belt Breweries*, a truck half-filled with cases of beer was parked on a street in a "high crime rate," "hard drinking" area of Minneapolis.

The key was left in the cab while the driver and helper lunched in a tavern from which they could not see the beer truck. "Two heavily intoxicated individuals" promptly stole the truck. Reversing trial court's judgment N.O.V. for Grain Belt, the Minnesota court wrote: "Based on these facts, we hold that a jury could properly find, as did the jury in this case, that the damage to plaintiff's insured was directly caused by the negligent act of defendant's employees." 309 Minn. at 381, 245 N.W.2d at 189. In *Hill v. Yaskin*, the special circumstances included a parking lot in a high-crime area with a history of prior thefts and vandalism, the attendant's customary departure at 5 p. m., a theft at 7 to 8 p. m. in October, and a practice of leaving the keys in unlocked cars on the lot. 75 N.J. at 141, 380 A.2d at 1108. On the other hand, in *Elliott v. Mallory Electric Corp.*, 93 Nev. at 586, 571 P.2d at 400–01, it was held allegations the attendant left a new Lincoln Mark IV with the key in the ignition on a casino parking lot for 30 to 45 minutes suggested the possibility of theft but not that the owner or bailee could reasonably foresee theft of the car and its subsequent negligent operation.

Assuming in the situation presented here that Piekenbrock's leaving the key in the ignition was negligent, on these limited facts it was not the proximate cause of Roadway's injuries. *Oak Leaf Country Club, Inc. v. Wilson*, 257 N.W.2d 739, 746 (Iowa 1977) (Proximate cause must be determined separately; it does not necessarily follow negligence.). We hold the theft of Dolter's automobile by Kahler was an efficient intervening or superseding cause, which broke the chain of causation and liability. *See Haumersen v. Ford Motor Co.*, 257 N.W.2d 7, 15 (Iowa 1977). To hold otherwise would do violence to the principle that one may assume others will obey the law. *See Hosking v. Robles,* 98 Cal.App.3d 98, 107, 159 Cal.Rptr. 369, 375 (1979) (Hanson, J., concurring); *Young v. Hendricks*, 226 Iowa 211, 216, 283 N.W. 895, 898 (1939); 29 Am.Jur.2d *Evidence* § 168, at 208–09 (1967).

As the certified questions do not indicate existence of "special circumstances," we are not required to reach the issue whether that exception would apply in this jurisdiction. Because we conclude Piekenbrock's omission was not the proximate cause of Roadway's injuries, we need not reach the issue presented by the second certified question.

The clerk is directed to proceed in accordance with Iowa Rules of Appellate Procedure 458 and 459.

CERTIFIED QUESTION ANSWERED.