Thelma Margaretta SMITH, on Behalf of the Estate of Kimberly Kay Smith, and Lucille Maxine Hansman, on behalf of the Estate of Michael Joseph Hansman, Appellants,

v.

Raymond T. SHAFFER and Susan K. Shaffer; Robert Phelps and Ida Phelps d/b/a Town Tap, Anamosa, Iowa; Curt Powell and Hazel Powell d/b/a Curt and Hazel's; Darrel Lewis, individually and as next best friend of Virgil Lee Lewis; and John Costello, individually and as next friend of Joseph Paul Costello, Appellees.

No. 85–957.

Supreme Court of Iowa.

Nov. 12, 1986.

As Amended on Denial of Rehearing Dec. 12, 1986.

Thomas J. Reilly and J. Bradley Hardman of Thomas J. Reilly Law Firm, P.C., Des Moines, for appellants.

Wayne C. Collins and Diane Kutzko of Shuttleworth & Ingersoll, Cedar Rapids, for appellees Raymond T. Shaffer and Susan K. Shaffer.

John K. Von Lackum of Elderkin, Pirnie, Von Lackum & Elderkin, Cedar Rapids, for appellees Robert Phelps and Ida Phelps.

Thomas A. Skorepa and Candy K. Mobley of Klockau, McCarthy, Ellison & Marquis, P.C., Rock Island, Illinois, for appellees Curt Powell and Hazel Powell.

HARRIS, Justice.

Plaintiffs' decedents were killed in a tragic automobile collision near Iowa City in November 1980. The pickup truck in which they had been traveling collided with an automobile which had been stolen by minors and which was being driven by an intoxicated fourteen-year-old boy. This wrongful death suit was brought against the minors' parents, two taverns the youths had visited during the evening, and the owners of the stolen car. After ruling upon a motion to adjudicate law points pursuant to Iowa rule of civil procedure 105 the trial court summarily dismissed plaintiffs' claims. We affirm.

Decedent Kimberly Smith was driving the pickup truck north on a Johnson County highway. Decedent Michael J. Hansman, who owned the pickup, was a passenger. About a mile north of Iowa City they were struck when an automobile driven by Virgil Lee Lewis, fourteen, crossed the center line of the highway. Lewis was also killed; the only survivor of the accident was his passenger Joseph P. Costello, fifteen.

Lewis and Costello were intoxicated and they had stolen the vehicle Lewis was driving. The car had been taken two hours earlier outside a bar in which the youths had been seen playing pool. The boys bragged they had consumed a bottle of whiskey but did not buy or consume any beer or liquor on the premises. They visited the tavern operated by the other defendant tavern owners during the same evening.

The city (Anamosa), by local ordinance, then had a 10 p.m. curfew for minors. The youths' parents conceded the boys were violating the curfew.

I. As amended, the suits against the two defendant tavern operators did not allege the taverns sold or gave intoxicating liquor to Lewis in violation of the dramshop statute. Iowa Code § 123.92 (1979). Rather, the tavern owners were charged under a theory that the tavern operators had an affirmative duty to inform authorities and parents when intoxicated juveniles were on their premises or on the streets after curfew and of their presence in a bar in violation of Iowa statutes and local ordinances.[1]

The trial court was correct in rejecting this theory. We have long recognized that negligence is "the breach of [a] duty or obligation recognized by the law [which requires one] to conform to a certain standard of conduct, for the protection of others against unreasonable risks" of harm. *Lewis v. State*, 256 N.W.2d 181, 188 (Iowa 1977). The elements for a cause of action for negligence are:

(1) the existence of a duty to conform to a standard of conduct for the protection of others; (2) failure to conform to that standard; (3) a reasonably close causal connection ...; and (4) damages.

*Haafke v. Mitchell*, 347 N.W.2d 381, 385 (Iowa 1984) (citing W. Prosser, *Handbook of the Law of Torts* § 30, at 143 (4th ed. 1971)).

The first element in an action for negligence, a "standard of conduct" or "duty," can arise in several contexts. Plaintiffs here rely on legislative standards of conduct (a negligence per se theory) in their claims against the tavern operators. *See* Restatement (Second) of Torts §§ 285, 286 (1965). In *Lewis*, 256 N.W.2d at 188, we adopted the foregoing Restatement provisions and applied them to a 1966 statute prohibiting the sale of intoxicants to minors. Citing *Koll v. Manatt's Transportation Co.*, 253 N.W.2d 265, 270 (Iowa 1977), we recognized that violations of federal and state standards amount to "negligence per se" and constitute negligence in civil lawsuits "as to all persons who [are] likely to be exposed to injury as [the] result of [a] violation." *Lewis*, 256 N.W.2d at 189. The *Lewis* decision held that Iowa Code section 129.43 (1966) set a "minimum standard of care for conduct generally required of [a] reasonably prudent man under like circumstances for purposes of a common law action for negligence based on the sale or the furnishing of intoxicating liquor." *Id.*

In *De More v. Dieters*, 334 N.W.2d 734 (Iowa 1983), we held that Iowa Code section 233.1(3) (a provision on contributing to the delinquency of a minor) constituted a minimum standard of care as under *Lewis*. We held that a violation of section 233.1(3) could be shown as evidence of negligence in a civil suit. We pointed out however that "the granting of permission to minors to have a beer party on [one's] property" does not fall within the statutory proscription against "otherwise supplying" alcoholic liquor or beer to any person knowing or having reasonable cause to believe him to be under age. *Id.* at 738.

As we did in *De More*, we think the *Lewis* holding cannot be stretched to reach the facts these plaintiffs present. The obligations they propose were not imposed by the legislature. At most a bar owner is required to order minors to leave the premises. It scarcely needs pointing out that the accident in question did not occur by reason of youths being illegally in the taverns. The difficulties arose after they left.

1. In November 1980, Anamosa ordinance no. 439 was in effect, making it "unlawful for any 'Class B' permit holder to allow within his place of business any minor under the age of nineteen"; and, ordinance no. 461 which established a 10 p.m. curfew for minors. The ordinance stated:

It is unlawful for any person, firm or corporation operating a place of business or amusement to allow or permit any minor to be in or upon any place of business ... operated by them within the curfew hours.

Also in effect on the date of the accident, and relied upon by the plaintiffs, were Iowa Code section 123.46 (prohibiting public intoxication), Iowa Code section 123.49(2)(j) (forbidding a liquor licensee to allow "criminal activity" on the premises), Iowa Code section 233.1 (prohibiting contribution to the delinquency of a minor) and Iowa Code sections 703.1 and 703.3 (accessory after the fact statute and aiding and abetting statute).

We have found no statute or ordinance, and none has been cited by the plaintiffs, which would require a tavern owner to assume an affirmative duty to notify authorities of an intoxicated minor's illicit presence in the tavern. Such a requirement would be tantamount to making informants out of bar owners and would represent an unjustifiable extension of the scheme devised by the legislature in the dramshop statute. The trial court was correct in so holding.

II. The suit against the owners of the stolen vehicle was based on common law negligence. Plaintiffs asserted the owner wrongfully left the car parked with the key in the ignition knowing "that a theft of such car would occur and was more likely to occur [than] not"; and moreover, "that injury to persons and property was a probable result of the danger of a car being stolen." The plaintiffs alleged that the owner's negligence in leaving their keys in the unlocked car was a proximate cause of the accident and resulting deaths.

The controlling case on the assignment is *Roadway Express, Inc. v. Piekenbrock*, 306 N.W.2d 784 (Iowa 1981). In *Piekenbrock*, answering a certified question, we held that the mere leaving of keys in an automobile's ignition was not a proximate cause of injuries resulting from a thief's negligent operation of the vehicle. 306 N.W.2d at 786. We however pointed out that liability may exist in special circumstances when the vehicle is so left in an area or under circumstances when the keys would make a theft likely. *See, e.g., State Farm Mutual Automobile Insurance Co. v. Grain Belt Breweries, Inc.*, 309 Minn. 376, 381–82, 245 N.W.2d 186, 189–90 (1976) (keys left in beer truck parked in high-crime, "hard-drinking" area of Minneapolis); *Hill v. Yaskin*, 75 N.J. 139, 144–48, 380 A.2d 1107, 1110–11 (1977) (vehicle in high-crime area with history of prior thefts and vandalism; parking attendant commonly left keys in unattended cars).

Plaintiffs think the facts here fall under the special circumstances exemption mentioned in *Piekenbrock* but base the contention only on the fact that the car was parked outside a tavern. There is no claim the tavern is in a high-crime or "hard-drinking" area. In order to contend for the special circumstances exception plaintiffs are thus forced to contend that persons who frequent taverns might be more likely than citizens generally to steal automobiles. This is an assumption we are unwilling to make.

The assignment is without merit.

III. The suit against the parents alleges they failed to "properly rear, supervise, instruct and give guidance" to the youths. Plaintiffs also claim the parents violated an Anamosa ordinance which made it unlawful for parents to "allow or permit" their children to violate the curfew.[2]

At common law parents are not liable for damages caused by their children unless the damages can be attributed to some action or inaction of the parent. W. Prosser, *Law of Torts* § 17, at 892 (3d ed. 1964); *Note, Iowa Parental Responsibility Act*, 55 Iowa L.Rev. 1037, 1038–39 (1970). There are only two situations in which a parent will be held liable: (1) where the child is acting as an agent for the parent; or (2) where the parent's own negligence is the proximate cause of the child's conduct. 55 Iowa L.Rev. at 1039; *see also* Annot., *Liability for Injury or Damage Intentionally Inflicted by Minor Child*, 54 A.L. R.3d 1020 (1974); Restatement (Second) of Torts § 316 (1965); *Van Camp v. McAfoos*, 261 Iowa 1124, 156 N.W.2d 878, 882 (1968) (acknowledging common law liability imposed on parents).

We think the trial court was correct in dismissing the claim. No failure on the part of the parents was a proximate cause of the accident. No parental failure was a substantial factor in bringing about the collision. It was not the parents' fail-

---

**2.** Plaintiffs make no claim under Iowa Code section 613.16 (parents liable up to $1000 for unlawful acts of unemancipated children).

ure to supervise but rather their childrens' independent decision to become intoxicated, steal a car, and recklessly operate it which caused the accident. *See Iowa Electric Light & Power Co. v. General Electric Co.*, 352 N.W.2d 231 (Iowa 1984) (defendant's conduct must have been a substantial factor in bringing about the plaintiff's harm to amount to proximate cause). If an actor's conduct is not a substantial factor in bringing about the plaintiff's harm, or if it is a substantial factor but is superseded by later forces or conduct, then the actor's conduct does not constitute the legal cause of the plaintiff's harm. *Schnebly v. Baker*, 217 N.W.2d 708, 729 (Iowa 1974).

The assignment is without merit.

AFFIRMED.

All justices concur except CARTER, J., who takes no part.