Robert C. WHALEY, Respondent,

v.

Gary Swan ANDERSON, d/b/a
Anderson Trucking, et al.,
petitioners, Appellants,

and

Gary Swan ANDERSON, d/b/a Anderson
Trucking, et al., defendant and third-
party plaintiff, petitioners, Appellants,

v.

Ronald TSCHIDA, et al., third-party
defendants, Respondents.

No. C0–90–145.

Supreme Court of Minnesota.

Nov. 2, 1990.

Rehearing Denied Nov. 27, 1990.

Steven J. Pfefferle, Murnane, Conlin,
White, Brandt & Hoffman, St. Paul, for
appellants.

Michael S. Krug, Krug & Zupke, St.
Paul, for Robert C. Whaley.

D. Scott Ballou, Stich, Angell, Kreidler &
Muth, Minneapolis, for Ronald Tschida.

## OPINION

POPOVICH, Chief Justice.

We granted the petition of Gary Swan
Anderson d/b/a Anderson Trucking, et al.
for further review of a decision of the
court of appeals reversing, by panel majori-
ty, the trial court's determination in a neg-
ligence action that they were entitled to
summary judgment. 458 N.W.2d 155.

Respondent Robert C. Whaley
was injured in the course of his employ-
ment as a relief truck driver and helper for
G. Heileman Brewing Company when his
co-worker moved petitioner's delivery truck
which had been left at a loading dock with
the keys in the ignition while petitioner was
making a delivery. As respondent's co-
worker was getting out of petitioner's
truck, the truck rolled backwards pinning
respondent to the loading dock. The trial
court determined that there were no "spe-
cial circumstances" from which it would be
reasonably foreseeable by a truck own-
er/driver that another truck driver would
move the owner/driver's truck while the
owner/driver was making a delivery.

Minnesota common law generally insulates a motor vehicle owner from liability for damages caused by the negligent acts of a thief. *See Wannebo v. Gates*, 227 Minn. 194, 201–02, 34 N.W.2d 695, 699–700 (1948). However, in *State Farm Mut. Auto. Ins. Co. v. Grain Belt Breweries, Inc.*, 309 Minn. 376, 245 N.W.2d 186 (1976), we adopted the "special circumstances" rule:

"Special circumstances which impose a greater potentiality of foreseeable risk or more serious injury, or require a lesser burden of preventative action, may be deemed to impose an unreasonable risk on, and a legal duty to, third persons.

\*   \*   \*   \*   \*   \*

" \* \* \* [E]ach case must be considered on its own facts to determine whether the joint effect of them in toto justifies the conclusion that the foreseeable risk of harm imposed is unreasonable, and that the defendant owner or one in charge of a vehicle has a duty to third persons in the class of the plaintiffs to refrain from subjecting them to such risk."

*Id.* at 380, 245 N.W.2d at 189, *quoting Hergenrether v. East*, 61 Cal.2d 440, 444, 39 Cal.Rptr. 4, 6, 393 P.2d 164, 166 (1964). In *Illinois Farmers Ins. Co. v. Tapemark Co.*, 273 N.W.2d 630, 635 (Minn.1978), we emphasized that in applying the special circumstances rule, "foreseeability is key to a defendant's liability." In the case before us, the evidence was that truck drivers do not move other drivers' trucks at loading docks. After careful review of the record and proceedings herein, it seems to us that the trial court and the dissenting panel member of the court of appeals appropriately concluded that there was no genuine issue of any material fact and that Gary Swan Anderson, d/b/a Anderson Trucking, et al. were entitled to summary judgment in their favor. We therefore reverse the decision of the court of appeals and reinstate the decision of the trial court.

Reversed and decision of the trial court reinstated.

YETKA, Justice (dissenting).

I respectfully dissent. The majority has misapplied the precedents laid down in *State Farm Mutual Automobile Insurance Co. v. Grain Belt Breweries, Inc.*, 309 Minn. 376, 245 N.W.2d 186 (1976), and *Illinois Farmers Insurance Co. v. Tapemark Co.*, 273 N.W.2d 630 (Minn.1978).

In *Grain Belt*, we established the principle that "special circumstances" may exist "which impose a greater potentiality of foreseeable risk or more serious injury." 309 Minn. at 380, 245 N.W.2d at 189 (quoting *Hergenrether v. East*, 61 Cal.2d 440, 444, 39 Cal.Rptr. 4, 6, 393 P.2d 164, 166 (1964)). We ruled that negligent driving after a car theft cannot be deemed an intervening efficient cause as a matter of law; it is a question of fact. *Grain Belt* stands for the proposition that the "trial court must consider the facts of each case and determine whether, in its judgment, those facts constitute such special circumstances" that a jury could find a causal connection. 309 Minn. at 382, 245 N.W.2d at 189–90. In *Grain Belt*, we emphasized that, to find "special circumstances," "[e]ach case must be considered on its own facts." *Id.* at 380, 245 N.W.2d at 189.

*Tapemark* reaffirmed the *Grain Belt* position that the facts of each case must be considered before finding "special circumstances." In *Tapemark*, we ruled that summary judgment was inappropriate where there were "genuine disputes about facts relevant to finding the existence of special circumstances." 273 N.W.2d at 638.

In the case before us, summary judgment is inappropriate. The case should be tried to a jury to determine whether the facts support a conclusion of no "special circumstances" from which it would be reasonably foreseeable that another person would move the petitioner's truck. A jury could find that a truck left unlocked, engine running, and keys in the ignition invited someone to move it. The truck was blocking a single loading dock in a parking lot congested with noon traffic. The facts and circumstances must be developed and a jury permitted to determine whether the

truck owner's actions constituted negligence. It is well-settled law in this jurisdiction that issues of negligence and proximate cause are questions of fact ordinarily not appropriate for determination on summary judgment. *Sauter v. Sauter*, 244 Minn. 482, 486, 70 N.W.2d 351, 354 (1955).

For these reasons, I would deny review and permit a jury to decide the special circumstances issue.