# IN THE COURT OF APPEALS OF IOWA

No. 20-1254
Filed June 16, 2021

**KIMBERLY HANSON,**
     Plaintiff-Appellant,

**vs.**

**HOUSBY MACK, INC.,**
     Defendant-Appellee.

_____

**HOUSBY MACK, INC.,**
     Third-Party Plaintiff,

**vs.**

**RANDY PAUL HOFER,**
     Third-Party Defendant-Appellee.
_____

     Appeal from the Iowa District Court for Polk County, David Nelmark, Judge.


     Kimberly Hanson appeals a summary judgment ruling granted in favor of

Housby Mack, Inc. **AFFIRMED.**


     Billy J. Mallory of Brick Gentry, P.C., West Des Moines, for appellant.

     J. Scott Bardole of Andersen & Associates, West Des Moines, for appellee.


     Considered by Doyle, P.J., and Mullins and May, JJ.

**MULLINS, Judge.**

Kimberly Hanson appeals a summary judgment ruling granted in favor of Housby Mack, Inc.  Hanson argues the district court erred in finding no genuine issue of material fact existed regarding the existence of special circumstances.

Housby Mack is a Mack and Isuzu truck dealership that also sells parts and performs service, among other maintenance and sales operations.  The Housby Mack campus in Polk County is comprised of five buildings and parking lots.  Approximately three-quarters of the campus is enclosed in gates, which remain open and unlocked during the operating hours of 7:00 a.m. to midnight.  On November 8, 2018, Randy Hofer, an unrelated third party, entered the Housby Mack premises at approximately 9:46 a.m.  Hofer took a 2004 cement mixer without permission and left the Housby Mack property.  Hofer drove the cement mixer erratically and eventually drove into Hanson's home.[1]

Hanson filed suit against Housby Mack and Hofer, alleging Housby Mack was negligent in leaving the keys to the cement mixer in the vehicle's cab and claimed intentional infliction of emotional distress.  Hanson initially argued Housby Mack was negligent per se because leaving keys inside a vehicle is a violation of a Des Moines ordinance.  *See* Des Moines, Iowa, Mun. Code 114-362(a) (2018).

Housby Mack filed a motion for summary judgment in August 2020.  It argued the Des Moines ordinance did not apply because the Housby Mack campus is located in Saylor Township and Polk County, making the Des Moines ordinance inapplicable.  At the hearing on the motion, Hanson also argued special

---

[1] Hofer was found guilty of operating a motor vehicle without an owner's consent in March 2019.  He is not a party to this appeal.

circumstances existed to indicate Housby Mack breached a duty and was negligent, in that another vehicle had been reported as stolen from the Housby Mack campus and other minor thefts had occurred. Housby Mack provided testimony that the vehicle that had been reported stolen was due to a mistake in paperwork, and that the vehicle had actually been purchased. It also argued the minor thefts from the property, including batteries or scrap metal, did not mean the campus was located in a high crime area. Housby Mack argued no special circumstances existed.

The district court granted the motion for summary judgment. It stated Hanson provided no evidence to refute the inapplicability of the Des Moines ordinance. It also found no special circumstances existed giving rise to Housby Mack's liability. Hanson appeals, arguing that special circumstances exist.

"We review a district court's grant of summary judgment for correction of errors at law." *Hedlund v. State*, 930 N.W.2d 707, 715 (Iowa 2019). We examine the record to determine "whether a genuine issue of material fact exists and whether the district court correctly applied the law." *Id.* (quoting *Pillsbury Co. v. Wells Dairy, Inc.*, 752 N.W.2d 430, 434 (Iowa 2008)). "We review the summary judgment record in a light most favorable to the nonmoving party" and provide "the nonmoving party every legitimate inference that can be reasonably deduced from the record." *Id.* (quoting *Phillips v. Covenant Clinic*, 625 N.W.2d 714, 717–18 (Iowa 2001)). "Even if the facts are undisputed, summary judgment is not proper if reasonable minds could draw different inferences from them and thereby reach different conclusions." *Id.* (quoting *Banwart v. 50th St. Sports, L.L.C.*, 910 N.W.2d 540, 544–45 (Iowa 2018)).

Hanson's claim invokes the special circumstances described in *State Farm Mutual Automobile Insurance Co. v. Grain Belt Breweries, Inc.*, 245 N.W.2d 186, 189–90 (Minn. 1976). The Minnesota supreme court summarized important facts, including, but not limited to, the fact that a beer truck was left in an area of bars and a liquor store, the beer truck driver knew the area had a history of high levels of alcohol consumption, and the high crime rate of the community. *Id.* at 189. Based on these facts, the court found special circumstances existed to allow a jury to find leaving the keys in the unlocked cab of the beer truck was negligent. *Id.*

Our supreme court was asked to address the issue of whether a person "who leaves the key in the ignition of an unlocked automobile, or in plain view inside the automobile, [can] be held liable for damages to a third party proximately caused by the negligent operation of the automobile by a person who has stolen it." *Roadway Express, Inc. v. Piekenbrock*, 306 N.W.2d 784, 784 (Iowa 1981). In *Piekenbrock*, the named defendant left keys in the ignition of a car, which was stolen by a third party who crashed the car. *Id.* at 784–85. No statutory or municipal duty to remove keys from the ignition applied. *Id.* at 785. The court examined cases from other jurisdictions, examining similar fact patterns. *Id.* at 785–86. The court declined to answer the question, instead finding that even if it assumed leaving the keys in the ignition was negligent, the third party's conduct stealing the car "was an intervening or superseding cause, which broke the chain of causation and liability." *Id.* at 786.

Our supreme court was again tasked with considering special circumstances in *Smith v. Shaffer*, 395 N.W.2d 853 (Iowa 1986). In *Smith*, two teenage boys stole a car parked outside a tavern, where they had been drinking.

*Id.* at 854. They crashed into another vehicle, and the drivers of both vehicles died. *Id.* The negligence suit against the owner of the stolen car rested on the fact that the keys had been left in the ignition and the theft "was more likely to occur than not" and "that injury to persons and property was a probable result of the danger of the car being stolen." *Id.* at 856. The plaintiff alleged the car was left with the keys in the ignition outside of the tavern, creating special circumstances that led to liability. *Id.* Our supreme court disagreed, finding no special circumstances because there was no claim the vicinity of the tavern was a "high crime or 'hard-drinking' area." *Id.* (quoting *Grain Belt Breweries*, 245 N.W.2d 189–90).

Here, the district court made a brief summary of the facts it found most probative. It stated the cement mixer was stolen from private property that was mostly surrounded by fencing. The Housby Mack campus had been subject to minor thefts of things like batteries or scrap metal. Even if the district court assumed the existence of a prior vehicle theft, those limited circumstances were not enough to prove the Housby Mack campus was located in a high crime area. Accordingly, the district court found no special circumstances existed to make Housby Mack liable and granted the motion for summary judgment.

We review the record, viewing the evidence in the light most favorable to the nonmoving party and providing all legitimate inferences in its favor. *Hedlund*, 930 N.W.2d at 715. We agree with the district court that no genuine issue of material fact exists on the question of special circumstances that would lead to

Housby Mack's liability. *Id.* We affirm the grant of summary judgment in favor of Housby Mack.

**AFFIRMED.**