**Vernon RIES, Appellee,**

v.

**Wilfred STEFFENSMEIER and Andrea Steffensmeier, Appellants.**

**No. 96–698.**

Supreme Court of Iowa.

Oct. 22, 1997.

Rehearing Denied Nov. 25, 1997.

Michael J. Coyle and Norman J. Wangberg of Fuerste, Carew, Coyle, Juergens & Sudmeier, P.C., Dubuque, for appellants.

Gerald J. Kucera of Tom Riley Law Firm, P.C., Cedar Rapids, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, NEUMAN, ANDREASEN, and TERNUS, JJ.

NEUMAN, Justice.

This is an appeal from judgment entered on a jury verdict in a personal injury action pleaded on theories of employer liability and premises liability but tried solely on defendants' alleged breach of their duty of care as plaintiff's employer. The jury, though assigning fault to defendants, found no employment relationship. Because the record supports no other ground for recovery, we reverse.

Plaintiff Vernon Ries suffered a serious foot injury while operating a skid loader owned by defendants Wilfred and Andrea Steffensmeier. Andrea is Vernon's sister. At the time of the accident Vernon was helping Andrea's son—Vernon's sixteen-year-old nephew, Jason—with his farm chores. Wilfred and Andrea were on vacation.

The parties dispute whether Jason sought his uncle's help or whether Vernon merely showed up at the farm and began working. In any event, Vernon was using the skid loader to shovel manure out of the hog yard when he noticed hogs escaping from an open gate. He stepped off the front of the skid loader to close the pen. As he climbed back up to the cab, he stepped onto the bucket, slipped, and grabbed the machine's control handles in front of him. He inadvertently pulled the handle controlling the bucket; it lowered suddenly, crushing his foot.

Vernon sued the skid loader manufacturer, Case Corporation, and Scherrman's Implement & Appliance, Inc., the retail distributor, on a variety of legal theories including express and implied warranties, strict liability and defective design. He also sued the Steffensmeiers on two theories, employer liability and premises liability. Vernon alleged that Steffensmeiers, as his employer, failed to provide reasonably safe machinery, failed to

properly warn and instruct about usage of the machinery, and failed to provide a reasonably safe place to work. Vernon's claim of premises liability alleged Steffensmeiers were "negligent in failing to warn plaintiff as to the proper usage of their machinery, as an invitee upon their premises."

Vernon settled with Case Corporation prior to trial, and dismissed his claim against Scherrman's Implement. The case proceeded to trial against the Steffensmeiers. Over Steffensmeiers' objection, the court instructed the jury that if it found Jason acted on behalf of the Steffensmeiers as their agent, then his acts (or failure to act) toward Vernon could be attributed to them. Defense counsel resisted this instruction, arguing that Vernon's agency claim had neither factual nor legal support under the record.

Pertinent to this appeal, and also over defendants' objection, the court's marshaling instruction told the jury that to sustain his claim, Vernon must prove four things: (1) Jason was negligent in failing to warn or instruct as to proper use of the skid loader, (2) Jason was acting as his parents' agent, (3) Jason's negligence was a proximate cause of Vernon's damages, and (4) the amount of damages. Although Steffensmeiers' counsel protested that this general negligence instruction failed to adequately instruct on the theories pleaded—breach of duty as employer or as premises owner—the court plainly believed the instruction given was sufficient to cover either theory. Plaintiff's counsel offered no alternative. The court did, however, pose the following special interrogatory: "Was plaintiff Vernon Ries an employee of defendants Wilfred Steffensmeier and Andrea Steffensmeier at the time of his injury? (Answer 'yes' or 'no.')."

The jury returned special verdicts finding Steffensmeiers twenty-five percent at fault for Vernon's injury, Case Corporation fifty percent, and Vernon Ries twenty-five percent. It found Vernon (whose foot required partial amputation) suffered $300,000 in damages. Significantly, the jury answered "no" to the question whether Vernon was Steffensmeiers' employee.

The court entered judgment in accordance with the jury's verdict. Steffensmeiers moved unsuccessfully for dismissal and, following the court's denial of their posttrial motions, commenced this appeal.

■ I. At the outset it must be observed that Vernon's case against the Steffensmeiers proceeded exclusively on the theory that, as Vernon's employer, Steffensmeiers (through their agent, Jason) failed to provide a safe work place. Specifically, Vernon claimed defendants failed to warn him regarding proper use of the skid loader. Plaintiff's focus on employer liability, to the exclusion of premises liability, was a deliberate strategy: Employer liability is governed by the "pure" comparative negligence principles of Iowa Rule of Civil Procedure 97, not Iowa Code chapter 668 (1995). *Baumler v. Hemesath*, 534 N.W.2d 650, 655 (Iowa 1995). Under rule 97, proof of an employee's negligence, even if greater than fifty percent, "does not bar recovery but merely mitigates damages." *Id.*

■ Plaintiff's trial strategy also reflects the reality that this record would likely not support a claim for premises liability. By its very nature, premises liability stems from physical harm to the plaintiff caused by a condition on the possessor's *land*. Restatement (Second) of Torts § 343 (1965). To sustain such a claim, a plaintiff must prove (1) knowledge by the possessor of a condition on the land that involves an unreasonable risk of harm to invitees, and (2) an expectation by the possessor that the invitees will not discover or realize the danger and will fail to protect themselves against it. *Id.; see Konicek v. Loomis Bros., Inc.*, 457 N.W.2d 614, 618 (Iowa 1990) (describing duty of possessor of land to employees of independent contractors/business invitees). The duty created by the special relationship between a possessor of land and a business invitee includes "making the area reasonably safe or giving warning of the actual condition or risk involved." *Baumler*, 534 N.W.2d at 653 (recognizing duty where deep, slippery tractor tire ruts created dangerous condition on the land).

Vernon made no claim that his injuries stemmed from a dangerous condition on Steffensmeiers' *land*. Throughout this litigation

he premised liability on a defective skid loader, and defendants' failure to warn him of the risk of operating it. Even assuming Vernon established a relationship between defendants and himself that gave rise to a duty to warn, the legal theory implicated would relate to the duties imposed on a person supplying chattels for the use of others, not premises liability. *See generally* Restatement (Second) of Torts § 388 *et seq.*

II. It is axiomatic that before a plaintiff may recover for damages allegedly caused by another's negligence, the plaintiff must establish a legal duty owed the plaintiff by the wrongdoer. *Mensink v. American Grain,* 564 N.W.2d 376, 382 (Iowa 1997); *Burton v. Des Moines Metro. Transit Auth.,* 530 N.W.2d 696, 699 (Iowa 1995); *Engstrom v. State,* 461 N.W.2d 309, 315 (Iowa 1990). Proof of the relationship giving rise to the duty may be relaxed where the plaintiff's injury is a direct consequence of a defendant's negligent act, *e.g.,* were the defendant to have run over plaintiff with a skid loader. *See Keller v. State,* 475 N.W.2d 174, 179 (Iowa 1991) (discussing common-law distinction between misfeasance and non-feasance). Establishment of a special relationship is required, however, where the plaintiff's claim rests on the defendant's failure to take action to protect the plaintiff from harm. *Id.*

Clearly Vernon's case against the Steffensmeiers (as contrasted with his products claim against Case Corporation) fell in the non-feasance category; he alleged only that Jason failed to warn him of possible danger in operating the skid loader. But the jury specifically found no employment relationship between Vernon and the Steffensmeiers that would give rise to a duty to warn. And the plaintiff did not offer any proof of—nor did the court instruct upon—any other special relationship giving rise to a duty such that damages could be recovered for its breach.

Negligence is the breach of a known duty of care. *Marcus v. Young,* 538 N.W.2d 285, 288 (Iowa 1995). In the absence of a duty owed, there can be no legal breach. Put another way, there must be a *duty* to warn before the law will recognize a *failure* to warn.

Even assuming the record supported submission of an instruction permitting recovery based on Steffensmeiers' duty to Vernon as a supplier of chattels for the use of others, *see* Restatement (Second) of Torts § 388, no such instruction was given. Plaintiff's counsel made no request for such a submission. As evidenced by the absence of a cross-appeal, no error was preserved by plaintiff which might save the judgment or secure a retrial based on the insufficiency of the court's instructions.

We conclude defendants were entitled to judgment as a matter of law because plaintiff failed to prove his claim of an employment relationship and the record does not support the jury's award of damages on any other ground. The district court erred in its refusal to sustain defendants' posttrial motion for dismissal. Judgment for the plaintiff must be reversed. Our decision renders it unnecessary to discuss the many other errors defendants cite.

**REVERSED.**