Marc DETTMANN, as Executor of the Estate of Laurie Jean Dettmann, Deceased, Appellee,

v.

Michael Scott KRUCKENBERG and Keith Kruckenberg, Appellants,

Aaron Jones, Appellee,

and

Jennifer Orth, David Wayne Anderson, and Ike Auen Distributing Company, Appellees.

No. 98–1461.

Supreme Court of Iowa.

July 6, 2000.

240

William G. Enke, Fort Dodge, for appellants Kruckenberg.

Gary W. Armstrong of Mack, Hansen, Gadd, Armstrong & Brown, P.C., Storm Lake, and Michael R. Bovee of Montgomery, Barry and Bovee, Spencer, for appellee Dettmann.

Mark Brownlee of Kersten Brownlee Hendricks, L.L.P., Fort Dodge, for appellee Jones.

John C. Gray and Jeff W. Wright of Heidman, Redmond, Fredregill, Patterson, Plaza & Dykstra, L.L.P., Sioux City, for appellee Orth.

Francis Fitzgibbons and Harold W. White of Fitzgibbons Law Firm, Estherville, for appellees Anderson and Auen Distributing.

McGIVERIN, Chief Justice.

Plaintiff, Marc Dettmann, brought this wrongful death action as executor of the estate of his wife, Laurie Dettmann. Laurie Dettmann died when the vehicle she was driving was struck by a vehicle being driven by an intoxicated driver, defendant Michael Kruckenberg, age nineteen. Earlier on the day of the accident, Kruckenberg and his teenage friend, defendant Aaron Jones, stole beer from a beer truck that was parked at a convenience store and consumed the beer. Plaintiff's wrongful death action named as defendants, Michael Kruckenberg and his father Keith Kruckenberg, who owned the car, Aaron Jones, David Anderson, the beer truck driver, Ike Auen Distributing Company, the beer distributor, and Jennifer Orth, a teenage friend of Michael Kruckenberg who allegedly provided Kruckenberg with alcohol on the day of the accident. In a jury trial, the district court sustained a motion for directed verdict by defendants Anderson and the beer distributor. After a jury returned a verdict in favor of plaintiff against the Kruckenbergs, the district court entered judgment in favor of plaintiff for compensatory damages in the amount of $640,462. Kruckenbergs appeal and plaintiff and defendant Jones cross-appeal, raising various issues.

Upon our review, we find no reversible error in the district court proceedings and affirm the judgment of the district court.

## I. Background facts and proceedings.

Around 1:00 p.m. on August 16, 1995, teenage friends Michael Kruckenberg and Aaron Jones stopped at a convenience store to buy gas for Kruckenberg's vehicle, which was owned by Michael's father, Keith Kruckenberg. As they were putting gas in the vehicle, a Bud Light beer truck and trailer, being driven by David Anderson and owned by Ike Auen Distributing Company, pulled into the store's parking lot. Anderson exited the truck and entered the store to check on the product needs of the store operator. While Anderson was inside the store, Jones walked to the truck, opened one of the unlocked closed doors, removed an eighteen pack of Bud Light beer, and put it in Kruckenberg's car. Kruckenberg also removed an eighteen pack of beer from the truck. Anderson was gone from his truck for approximately five minutes and was unaware of the theft until approximately twenty minutes later. Anderson did not see Michael or Aaron at any time during his stop at the convenience store.

Kruckenberg and Jones then drove to the home of their teenage friend Jennifer Orth. They also had other beer in the car with them that they had obtained from another source. While at that location, Michael Kruckenberg drank eight to twelve cans of the beer stolen from the beer truck and two glasses of sloe gin and Pepsi that Orth provided him. Other youths were at the party at Orth's home. At approximately 4:30 p.m., after the party broke up, Kruckenberg and Jones began riding around the Lytton/Rockwell City area in Kruckenberg's car. At approximately 5:25 p.m., Kruckenberg's car ran a stop sign in rural Calhoun County, Iowa, and collided with Laurie Dettmann's car, killing her. A blood test given to Kruckenberg one hour and twenty minutes after the accident revealed a blood-alcohol concentration of .098. Michael was subsequently charged with and convicted of vehicular homicide, a felony carrying a sentence of more than one year in prison. *See* Iowa Code § 707.6A (1995).[1] Our

---

1. The marshaling instruction in the state's criminal case against Michael Kruckenberg

listed the following essential elements of the vehicular homicide offense:

court of appeals affirmed that conviction on December 29, 1997.

On July 15, 1997, plaintiff Marc Dettmann, Laurie's husband and the executor of her estate, filed a wrongful death action against Michael Kruckenberg and his father Keith, owner of the vehicle, Aaron Jones, Jennifer Orth, David Anderson, the driver of the beer truck, and Ike Auen Distributing, the beer truck owner. In the petition, plaintiff alleged that Michael negligently operated the vehicle that collided with Laurie's vehicle and that defendants Jones and Orth had supplied alcohol to Michael. Additionally, plaintiff alleged that David Anderson, the beer truck driver, and his employer, the beer distributor, were negligent in failing to lock the beer truck, thereby allowing the theft of beer from the truck to occur.

In an answer filed July 24, 1997, Michael and Keith Kruckenberg admitted that Michael was the driver of the vehicle that collided with Laurie Dettmann's vehicle. However, in early 1998, Michael and Keith filed a motion to amend their answer to deny that Michael was driving the vehicle and that it was being driven with Keith's consent. Michael and Keith also sought permission to file a cross-claim against Aaron Jones, alleging that Aaron, not Michael, was driving the Kruckenberg vehicle at the time of the accident and without the knowledge and consent of Keith Kruckenberg. The court sustained the Kruckenbergs' motion and allowed them to amend their answer to deny that Michael was driving the vehicle, but overruled defendant Kruckenbergs' motion to file a cross-claim against Aaron Jones.

Approximately one week before the civil case trial was scheduled to begin, the Kruckenbergs filed supplemental answers to interrogatories propounded by plaintiff Dettmann, which revealed that an individual, Leta Jensen, may testify at trial that Aaron Jones admitted to her, earlier in the year, that he, and not Michael, was driving the Kruckenberg vehicle at the time of the accident.

Defendant Aaron Jones then filed a pretrial motion under Iowa rule of evidence 104(a), asking the court to exclude at trial any evidence offered by the Kruckenbergs that Aaron, and not Michael, was driving the Kruckenberg vehicle at the time of the accident. Specifically, Jones argued that Kruckenberg's criminal case conviction of vehicular homicide that arose from the accident, *see* Iowa Code § 707.6A(1), precluded Michael from litigating the identity of the driver in plaintiff Dettmann's wrongful death action. The trial court sustained Jones's motion, finding that the elements of issue preclusion had been satisfied as to the identity of the person driving the Kruckenberg vehicle that collided with the Dettmann vehicle. In light of this ruling, the court denied plaintiff Dettmann's motion to amend plaintiff's petition as being moot.

The matter then proceeded to trial.

At the close of all evidence, defendants Anderson and Ike Auen Distributing Company, the beer distributor [hereinafter collectively referred to as Anderson], moved for a directed verdict. The court sustained the motion, based on its conclusions that there was no special relationship between Anderson and Laurie Dettmann such that Anderson owed Laurie a legal duty. The court also concluded that even if Anderson was negligent in failing to lock the beer truck doors, a series of interven-

"The State must prove both of the following elements of Homicide by Vehicle:
 1. On or about the 16th day of August, 1995, the Defendant:
 a. Operated a motor vehicle while under the influence of alcohol; or
 b. Drove a motor vehicle in a reckless manner.

It is not necessary for all jurors to agree to just 1(a) or 1(b). It is only necessary that all jurors agree to at least one of the two alternatives.
 2. The Defendant's acts unintentionally caused the death of Laurie Dettmann.
 If the State has proved both of the above elements, the Defendant is guilty of Homicide by Vehicle...."

ing acts, including (1) theft of the beer, (2) possession and consumption of the beer by the minors, and (3) driving in a reckless or intoxicated condition, were sufficient to sever all proximate cause and liability of defendant Anderson to plaintiff.

The jury returned a verdict in favor of plaintiff Dettmann, finding that defendants Michael Kruckenberg, Aaron Jones and Jennifer Orth were each at fault, but that Michael's negligence alone was the proximate cause of plaintiff's compensatory damages. The jury also found that Michael's conduct was willful and wanton, but awarded no punitive damages. The court entered judgment in favor of plaintiff and against the Kruckenbergs in the amount of $640,462, representing the compensatory damage amount awarded by the jury.

Defendants Kruckenberg appeal, arguing that the district court erred in finding that the Kruckenbergs were precluded from litigating whether Michael was the driver at the time of the accident and in refusing to allow their expert to testify regarding speed of the Kruckenberg vehicle at the time of the collision.

Plaintiff Dettmann cross-appeals, contending that the district court erred in sustaining defendant Anderson's motion for directed verdict. Defendant Aaron Jones also cross-appeals. However, based on our ultimate decision in this case, we need only address the merits of the issues raised on appeal by defendants Michael and Keith Kruckenberg and by plaintiff Dettmann.

## II. Kruckenbergs' appeal.

The defendants Kruckenberg raise two issues on appeal. First, they assert that the district court erred in ruling that they were precluded from offering evidence that Aaron Jones, and not Michael, was driving the Kruckenberg vehicle at the time of the accident. Second, the Kruckenbergs contend that the court erred in refusing to allow their expert to testify regarding the speed of the Kruckenberg vehicle at the time of the collision.

## A. Preclusive effect of the criminal case conviction.

Approximately one week prior to the scheduled civil trial date, Kruckenbergs filed a supplemental answer to interrogatories propounded by plaintiff, indicating that the Kruckenbergs might call as a witness at trial an individual named Leta Jensen who may testify Aaron Jones admitted to her in early 1998, that he was driving the Kruckenberg car at the time of the accident.

In response, defendant Jones filed a motion under Iowa rule of evidence 104(a) asking the court to exclude any evidence offered by the Kruckenbergs showing that he, not Michael, was driving the Kruckenberg vehicle at the time of the accident. Jones argued that Michael's criminal conviction of vehicular homicide resulting from the accident and death of Laurie Dettmann precluded Michael and Keith Kruckenberg from relitigating in the civil case the identity of the person driving the Kruckenberg vehicle at the time of the accident.

Plaintiff Dettmann also filed a motion, seeking leave to amend his petition, requesting permission to plead, in the alternative, that either Michael Kruckenberg or defendant Aaron Jones was the driver. Plaintiff characterized the motion as contingent upon the court overruling defendant Jone's motion.

The Kruckenbergs resisted Jone's motion, arguing (1) that there was no mutuality of parties between those involved in the criminal case (Michael) and the civil case (Michael and his father, Keith), (2) that there was no privity between Michael and Keith, (3) that Keith did not have a full and fair opportunity to litigate the relevant issues in the criminal proceeding, (4) that holding Keith bound by the judgment reached in the criminal case violates his right to due process, and (5) that Michael did not have an opportunity to litigate the issue of the driver's identity in the criminal

case because he chose to preserve his United States Constitution Fifth Amendment right not to testify. The Kruckenbergs did not offer Jensen's alleged testimony at the hearing concerning the rule 104 motion nor at trial.

The district court concluded that issue preclusion principles applied such that Michael's criminal conviction for vehicular homicide precluded the Kruckenbergs from relitigating in the civil case the issue of who was driving the Kruckenberg vehicle at the time of the accident.

### 1. Issue preclusion principles.

"The doctrine of issue preclusion prevents a party to a prior action in which a judgment has been rendered from relitigating in a subsequent action issues raised and resolved in the previous action." *Brown v. Kassouf,* 558 N.W.2d 161, 163 (Iowa 1997) (quoting *Hunter v. City of Des Moines,* 300 N.W.2d 121, 123 (Iowa 1981)). We have said that issue preclusion applies if the following four requirements are met: "(1) the issue determined in the prior action is identical to the present issue; (2) the issue was raised and litigated in the prior action; (3) the issue was material and relevant to the disposition in the prior action; and (4) the determination made of the issue in the prior action was necessary and essential to that resulting judgment." *American Family Mut. Ins. Co. v. Allied Mut. Ins. Co.,* 562 N.W.2d 159, 163–64 (Iowa 1997).

In addition to these four requirements, "either (1) the parties in both actions must be the same (mutuality of parties), or (2) there must be privity between the party against whom issue preclusion is invoked and the party against whom the issue was decided in the first litigation." *Brown,* 558 N.W.2d at 163. A "privy" means "one who, after rendition of the judgment, has acquired an interest in the subject matter affected by the judgment through or under one of the parties, as by inheritance, succession, or purchase." *Id.* (quoting *Goolsby v. Derby,* 189 N.W.2d 909, 914 (Iowa 1971)).

Issue preclusion may be used offensively as a sword by a new plaintiff against a defendant who was a party to the former litigation. *See Harris v. Jones,* 471 N.W.2d 818, 820 (Iowa 1991). Defensive use of issue preclusion occurs when a stranger to the judgment in the former action, ordinarily the defendant in the second action, relies upon the prior judgment as conclusively establishing in that party's favor, an issue which the party must prove as an element of the defense. *Brown,* 558 N.W.2d at 164. Neither mutuality of parties nor privity is required where issue preclusion is applied defensively if the party against whom issue preclusion is invoked was

> so connected in interest with one of the parties in the former action as to have had a full and fair opportunity to litigate the relevant claim or issue and be properly bound by its resolution.

*Id.* at 163–64 (quoting *Opheim v. American Interinsurance Exch.,* 430 N.W.2d 118, 120 (Iowa 1988)).

### 2. Relevant authorities concerning whether a criminal conviction may be preclusive as to issues presented in a civil case.

We must first decide whether issue preclusion principles may apply such that a criminal case conviction is preclusive as to issues raised in a subsequent civil suit brought against the criminal defendant. If so, the next question is whether Michael's criminal conviction for vehicular homicide is preclusive in the present civil case on the issue of who was driving the Kruckenberg vehicle at the time of the accident.

The rule is well established in Iowa that a validly entered and accepted guilty plea precludes a criminal defendant from relitigating essential elements of the criminal offense in a later civil case arising out of the same transaction or incident. *See Teggatz v. Ringleb,* 610 N.W.2d 527, 529

(Iowa 2000); *accord AID Ins. Co. (Mut.) v. Chrest*, 336 N.W.2d 437, 439 (Iowa 1983); *Ideal Mut. Ins. Co. v. Winker*, 319 N.W.2d 289, 296 (Iowa 1982). The question remains, however, whether a criminal case conviction is preclusive as to issues raised in a subsequent civil action brought against the criminal defendant. This is the narrow issue we must decide in this case.

We first point out that evidence of Michael's criminal case conviction would probably have been admissible at the civil trial over a hearsay objection as an exception to the hearsay rule. *See* Iowa R. Evid. 803(22);[2] 47 Am.Jur.2d *Judgments* § 732, at 210 (1995) ("A judgment in a criminal action has always been available as evidence in a civil action as proof of its existence or rendition."). We also point out that Iowa Code section 321.489, which states "[n]o record of the conviction of any person for any violation of this chapter [321] shall be admissible as evidence in any court in any civil action," does not exclude Michael's criminal case conviction here under Iowa Code section 707.6A. This is because Michael was convicted under Iowa Code chapter 707, not chapter 321.

We have apparently never previously examined the preclusive effect of a criminal conviction on issues raised in a later civil suit against the criminal defendant. We therefore turn to other authorities that have addressed the issue for assistance in this matter.

Section 85 of the Restatement (Second) of Judgments (1980) addresses the preclusive effect of a criminal case conviction in a later civil suit. Section 85 states in pertinent part:

> With respect to issues determined in a criminal prosecution:
>
> ....
>
> (2) A judgment in favor of the prosecuting authority is preclusive in favor of a third person in a civil action:
>
> > (a) Against the defendant in the criminal prosecution as stated in section 29; and
> >
> > (b) Against a person having a relationship with the defendant specified in sections 46, 48, 56(1), and 59–61, or analogous rules.
>
> ....

An illustration of the rule set forth in section 85 states as follows:

> [D is convicted of arson of a building.] ... P is the owner of a building adjacent to D's building. P's building was severely damaged as the result of spread of the fire from D's building. In a civil action by P against D to recover for the damage to P's building, the determination in the criminal prosecution that D deliberately set the fire is conclusive in favor of P.

Restatement (Second) of Judgments § 85, at 299 illus. 8.

In his commentary on the preclusive effect of a criminal conviction in a later civil suit, Professor Allan D. Vestal noted that courts traditionally "have held that a conviction is not admissible in a civil action to prove issues determined in the criminal prosecution." Allan D. Vestal, *Issue Preclusion and Criminal Prosecutions*, 65 Iowa L.Rev. 281, 322 (1980).[3] *See also* 47

---

**2.** Iowa rule of evidence 803 states in pertinent part:

> The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
>
> ....
>
> (22) Judgment of Previous Conviction. Evidence of a final judgment, entered after a trial or upon a plea of guilty (but not upon a plea of nolo contendere), adjudging a person guilty of a crime punishable by death or imprisonment in excess of one

year, to prove any fact essential to sustain the judgment .... The pendency of an appeal may be shown but does not affect admissibility.

**3.** Professor Vestal was a well-respected authority on issue preclusion principles. *See* Ruth Bader Ginsburg, *The Work of Professor Allan Delker Vestal*, 70 Iowa L.Rev. 13 (1984) (presenting a survey of state and federal authorities citing articles and publications written by Professor Vestal). He served as an Adviser throughout preparation of the Re-

Am.Jur.2d *Judgments* § 732, at 207 (noting that under traditional rules, a judgment in a criminal proceeding does not act as a complete bar to later civil proceedings, but that under modern rule, as expressed in section 85 of the Restatement (Second) of Judgments, judgments in criminal proceedings are preclusive to issues raised in later civil proceedings). Professor Vestal also noted, however, that some courts have applied issue preclusion even absent mutuality of parties, adopting the theory that a convicted person is precluded on fact issues necessarily decided if he or she had the incentive and opportunity to litigate the issue in the prior criminal proceeding. Vestal, at 329.

Professor Vestal concluded his commentary by stating that "[t]he present trend seems to be toward an acceptance of preclusion when applied in civil litigation subsequent to criminal prosecution." *Id.* at 340. Professor Vestal explains that certain factors must be considered in determining whether a criminal conviction is preclusive in a later civil case.

> One of the factors that must be considered by the courts is the effect this trend will have on criminal prosecutions. If a criminal defendant knows that the finding in the criminal prosecution may have some preclusive effect in subsequent civil litigation, the defendant's attitude toward the criminal proceeding may change. The criminal defendant is engaged in a weighing process to decide whether to plead guilty or to defend. If giving preclusive effect to a criminal conviction would measurably increase the time spent in prosecutions, it might be urged that the expansion of preclusion into the criminal/civil situation should be limited. It must be remembered, however, that preclusive effect is given to a judgment only if the party precluded had the opportunity and incentive to litigate the matter fully. In criminal prosecutions this would probably prevent giving preclusive effect to misdemeanor prosecutions; in situations in which a felony is involved in the antecedent criminal action, the second court must decide, if the question is raised, whether there was an opportunity and incentive to litigate. When the court answers this question, it must consider the protections afforded criminal defendants and the assistance given them under the present criminal justice standards.

> Possibly, some defendants will defend when, absent possible preclusion, they would plead guilty. Such cases will arise only infrequently; the more common situation will be that in which the defendant intended to litigate the matter fully and the preclusive effect is not a factor affecting the decision.

> Admittedly, giving preclusive effect to criminal prosecutions will occasionally result in additional litigation, as when the criminal defendant decides to defend because of the possible preclusion and is acquitted, but the civil action is carried through anyway. The criminal trial is an increment attributable to the giving of preclusive effect. Conversely, preclusion can save much time by avoiding retrial of factual issues that have been fully litigated in criminal prosecutions in which the defendant has been found guilty. On balance, society will be best served by providing for preclusion.

> . . . .

> The primary inquiry is whether there was an opportunity and an incentive to fully litigate the issue.[4] If so, it follows that preclusive effect can be given to the earlier decision. Second, the precise is-

statement (Second) of Judgments. *See* David L. Shapiro, *Should a Guilty Plea Have Preclusive Effect?* 70 Iowa L.Rev. 27, 27, n. 1 (1984).

4. Professor Vestal states that when the defendant in the prior criminal proceeding had the opportunity and incentive to litigate the issue and lost, there seems to be no reason why he or she should be allowed to relitigate the issue in a later civil case. Vestal, at 325–26.

sue faced and settled in the first proceeding must be identified.... Third, the courts must recognize the different standards of proof required in civil and criminal proceedings.... Fourth, certain overriding societal considerations apply in some situations. When such interests are involved, the doctrine of preclusion may be forced to give way. Fifth, in the application of preclusion, the rights of individuals must be protected....

*Id.* at 341–42 (footnotes omitted).

Several courts have followed Professor Vestal's theory that a criminal conviction is preclusive as to issues raised in a later civil suit that were essential to the final judgment of conviction in the criminal case. *See, e.g., Kowalski v. Gagne,* 914 F.2d 299, 303 (1st Cir.1990) (defendant's criminal conviction for murder precluded defendant from contesting liability in later wrongful death action brought by victim's wife and from contesting applicability of intentional acts exclusion in insurance policy); *Teitelbaum Furs, Inc. v. Dominion Ins. Co.,* 58 Cal.2d 601, 25 Cal.Rptr. 559, 375 P.2d 439, 442 (1962) (conviction of corporate president for theft of furs precluded later civil suit by corporations against insurance companies to recover for loss; corporate president was afforded a full opportunity to litigate guilt and thus, any issue necessarily decided in the prior criminal proceeding was conclusively determined as to the parties in the later civil action); *Hanover Ins. Co. v. Hayward,* 464 A.2d 156, 160 (Me.1983) (citing section 85 of Restatement (Second) of Judgments and holding, that in action by insurer against insured to recover benefits paid to insured for loss caused by fire, defendant's criminal arson conviction for burning his home conclusively established that defendant/insured intentionally burned his home with the intent to collect insurance proceeds and insurer was entitled to judgment against insured); *Aetna Cas. & Sur. Co. v. Niziolek,* 395 Mass. 737, 481 N.E.2d 1356, 1360 (1985) (citing section 85 of Restatement (Second) of Judgments and collecting cases holding "that a party to a civil action against a former criminal defendant may invoke the doctrine of collateral estoppel to preclude the criminal defendant from relitigating an issue decided in the criminal prosecution"); *Jordan v. McKenna,* 573 So.2d 1371, 1377 (Miss.1990) (defendant's criminal conviction for sexual assault precluded defendant from relitigating the fact issue in later civil suit of whether he assaulted victim); *Aetna Life & Cas. Ins. Co. v. Johnson,* 207 Mont. 409, 673 P.2d 1277, 1280 (1984) (holding that in an action by insurance company against insured to recover amounts paid for loss caused by fire, insured's criminal arson conviction barred insured from litigating whether insured intentionally set the fire to his business premises); *Hurtt v. Stirone,* 416 Pa. 493, 206 A.2d 624, 626 (1965) (noting that general rule in Pennsylvania was that judgments in criminal cases were inadmissible to establish facts in a civil case, but holding that defendant's federal criminal conviction for racketeering and extortion is conclusive proof of extortion in later civil suit against criminal defendant to recover money extorted); 47 Am.Jur. *Judgments* 2d § 733, at 210–11 ("Under the modern approach, a judgment of conviction precludes the defendant from denying the allegations in a subsequent civil complaint as to issues that were actually litigated and adjudicated in the prior proceeding.").[5]

As one court has explained:

**5.** For cases holding to the contrary, *see Prosise v. Haring,* 667 F.2d 1133, 1139 (4th Cir. 1981), *aff'd,* 462 U.S. 306, 103 S.Ct. 2368, 76 L.Ed.2d 595 (1983) (stating that under Virginia law, with the exception of where an insured's conviction for arson precluded recovery of proceeds under a fire insurance policy, criminal judgments, whether by guilty plea or adjudicated guilt, have no preclusive effect in subsequent civil litigation); *General Elec. v. Taalohimoineddin,* 579 A.2d 729, 732 (D.C.App.1990) (stating general rule that disposition of criminal charges arising out the same events leading to a civil suit is generally inadmissible in civil trial; holding that reference to traffic ticket issued to driver who

To preclude a civil litigant from relitigating an issue previously found against him in a criminal prosecution is less severe than to preclude him from relitigating such an issue in successive civil trials, for *there are rigorous safeguards against unjust conviction, including the requirements of proof beyond a reasonable doubt .... and of a unanimous verdict, ... the right to counsel, ... and a record paid for by the state on appeal ....* Stability of judgments and expeditious trials are served and no injustice done, when criminal defendants are estopped from relitigating issues determined in conformity with these safeguards.

*Teitelbaum Furs*, 25 Cal.Rptr. 559, 375 P.2d at 441 (emphasis added).

The following comments from the Massachusetts supreme judicial court are also persuasive.

In the context we face here—a civil action following a criminal prosecution—*application of issue preclusion* will not relieve parties of the cost and vexation of multiple lawsuits, but it *will conserve scarce judicial resources, prevent people from profiting from their criminal conduct and,* perhaps most importantly, *prevent the diminution of public confidence in our judicial system* that would result if civil juries repeatedly found by a preponderance of the evidence that a

caused accident was improper but opposing party failed to object to remark); *Estate of Wallace v. Fisher,* 567 So.2d 505, 507 n. 2 (Fla.Dist.Ct.App.1990) (stating that "Florida courts have consistently held that a judgment of conviction in a criminal prosecution is not admissible in a civil action as evidence of the facts upon which it is based"); *Phillips v. Rayburn,* 113 Ohio App.3d 374, 680 N.E.2d 1279, 1283 (1996) (stating that procedural and discovery differences between criminal and civil proceedings, coupled with defendant's dilemma over whether to testify or present any defense to criminal charges, weighs against application of issue preclusion principles to criminal judgment); 47 Am. Jur.2d *Judgments* § 732, at 210 (and cases cited therein).

convicted criminal defendant had not done something that a criminal jury had found beyond a reasonable doubt that he had done.

*Niziolek,* 481 N.E.2d at 1359–60 (emphasis added).

Our court rule 118.7, also, provides an example of when a judgment in a prior proceeding may be used in a subsequent proceeding.[6] Specifically, rule 118.7 allows a judgment entered against a lawyer in a prior civil proceeding to be used to prove allegations made in a lawyer disciplinary proceeding when the burden of proof in the prior proceeding was greater than a mere preponderance of the evidence.

### 3. Application of law to facts.

Based on the above authorities, we conclude that in appropriate cases a criminal case conviction may be preclusive in a later civil suit as to those issues that were previously litigated in the criminal proceeding. We next consider whether the issue preclusion requirements have been satisfied in the present case to justify application of the doctrine.

■ Upon our review, we conclude that the district court properly decided that the requirements of issue preclusion were satisfied. First, the jury in the criminal case found Michael guilty beyond a reasonable doubt of the charge of vehicular homicide.

**6.** Rule 118.7 states that issue preclusion principles may be used by either party in a lawyer disciplinary case if:

(1) The issue has been resolved in a civil proceeding that resulted in a final judgment, even if the Iowa Supreme Court Board of Professional Ethics and Conduct was not a party to the prior proceeding;
(2) *The burden of proof in the prior proceeding was greater than a mere preponderance of the evidence;* and
(3) The party seeking preclusive effect has given written notice to the opposing party, not less than ten days prior to the hearing of the party's intention to invoke issue preclusion.

(Emphasis added); *see Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. D.J.I.,* 545 N.W.2d 866, 872 (Iowa 1996).

Implicit in the jury's finding was that Michael was driving the Kruckenberg vehicle at the time it collided with Laurie Dettmann's vehicle. Second, Michael's criminal conviction was only used in the present civil action for purposes of conclusively establishing that Michael was driving the Kruckenberg vehicle at the time of the accident. Additionally, the driver issue was raised and litigated in the criminal trial and on appeal, it was material and relevant to the disposition of the criminal action as an essential element of the crime, and determination of the issue was necessary and essential to the judgment entered in the criminal case. We also agree with the trial court that Michael had a full and fair opportunity to litigate the driver issue in the criminal case and had every incentive to do so. In fact, Michael was serving his prison term at the time of the civil case trial. Additionally, Michael's decision not to testify in the criminal case was presumably made on the assumption that he would benefit thereby. Any error in this trial strategy, however, no more defeats the preclusive effect of his criminal conviction in the civil case than the failure of a litigant to introduce relevant available evidence in any other situation. *See Teitelbaum Furs*, 25 Cal.Rptr. 559, 375 P.2d at 442. We believe that statements by the Montana supreme court accurately illustrate the point.

> We will not show such lack of faith in the criminal judicial system to allow an issue fully and fairly litigated in a criminal trial to be completely relitigated in a subsequent civil trial.

*Johnson*, 673 P.2d at 1280. We further point out that if the legislature had intended that convictions under Iowa Code chapter 707 would be inadmissible to prove an underlying fact in the later civil suit, it easily could and presumably would have so indicated.

We also reject Keith's contention that even if Michael's criminal conviction is preclusive as to Michael on the driver issue, it is not preclusive as to the issue of Keith's liability under Iowa Code section 321.493(1)(b) as the vehicle owner because Keith was not a party to the criminal proceeding and is not otherwise in privy with Michael. First, the trial court found that Keith himself testified in the criminal case and therefore had the opportunity to present any relevant evidence concerning the driver issue. Second, an identity of interests existed between Michael and Keith at the time of the criminal proceeding. Keith, as Michael's father and the vehicle owner, had a great personal interest in seeing that all evidence relevant to Michael's defense was presented in the criminal trial. Additionally, Keith should have been on notice that he was subject to potential civil liability under Iowa Code section 321.493(1)(b) concerning Michael's fault in causing the accident. We believe these facts and section 321.493(1)(b) show that Keith was in privy with Michael for purposes of application of issue preclusion principles concerning the driver issue.

Based on the circumstances presented in this case, we conclude that Michael's criminal case conviction was preclusive in the present civil suit on the issue of who was driving the Kruckenberg vehicle at the time it collided with Laurie Dettmann's vehicle. The district court therefore properly ruled that the Kruckenbergs were precluded from introducing any evidence that Aaron Jones, and not Michael, was the driver. Accordingly, we find no error by the district court and affirm on this issue.

**B. Expert witness testimony.**

■ The Kruckenbergs also contend that the district court erred in refusing to allow an expert to testify as to the speed that the Kruckenberg vehicle was traveling at the time of the accident. We review alleged errors concerning the admission of evidence under an abuse of discretion standard. *See Williams v. Hedican*, 561 N.W.2d 817, 823 (Iowa 1997).

■ During trial, state trooper Kelly Hindman was called by plaintiff to testify

concerning the report that Hindman prepared following his investigation of the accident scene. The following exchange occurred between plaintiff's attorney and trooper Hindman.

Q. Who did you speak to? A. I spoke to Aaron Jones. Q. Did he indicate to you the speed at which the [Kruckenberg] vehicle was traveling immediately before impact? A. He did. Q. And what did he tell you? A. He thought it was probably going between seventy and eighty. Q. Now, when you examined the damage to the Dettmann vehicle as reflected in the exhibits that we've just published to the jury, would Aaron Jone's estimate of the speed be consistent with the damage sustained?

MR. ENKE: Just a minute, Your Honor. I'm going to have an objection. Failure to supplement answers to interrogatories. Expert opinion not contained in his report.

THE COURT: Overruled. You may answer.

A. I think it's consistent with his estimate.

Later, in putting on their evidence, the Kruckenbergs requested that they be allowed to call an expert witness to rebut trooper Hindman's testimony as to the speed that the Kruckenberg vehicle was traveling at the time of the accident. In their offer of proof on the matter, the Kruckenbergs stated that their expert would testify that the speed of the Kruckenberg vehicle at the time of the collision was traveling forty-eight to fifty-three miles per hour. The Kruckenbergs also argued that plaintiff had not designated trooper Hindman as an expert witness and that Hindman's testimony, as quoted above, was the first time in the case that Hindman had expressed an opinion as to the speed of the Kruckenberg vehicle, and that Hindman testified in the criminal trial that he was not able to determine the speed of either vehicle at the time of the collision. The district court denied the request.

Upon our review, we find no abuse of discretion by the district court on this issue. First, although Hindman testified that the damage to the Dettmann vehicle was consistent with that vehicle being struck by a vehicle traveling seventy to eighty miles an hour, Hindman also testified that he was unable to determine the exact speed of either vehicle. The jury was therefore left to assess the credibility of Hindman's testimony. Additionally, the Kruckenbergs' request and offer came late in the trial and the testimony would have been from an alleged expert witness not previously identified by the Kruckenbergs in their answers to interrogatories as an expert who might testify at trial. Finally, the parties regarded speed as bearing only on the issue of punitive damages. The jury, however, did not award plaintiff punitive damages even though it found that Michael's conduct was in willful and wanton disregard for the safety of another. Punitive damages are not an issue on appeal. We find no reversible error on this assignment.

### III. Plaintiff Dettmann's cross-appeal of directed verdict ruling.

On cross-appeal, plaintiff Dettmann contends that the district court erred in sustaining a motion for directed verdict in favor of defendants Anderson and Auen [hereinafter again collectively referred to as Anderson] at the close of all evidence. The court ruled that defendant Anderson owed no duty to plaintiff Dettmann, and even if a duty was owed, the conduct of Anderson was not a proximate cause of plaintiff's damages.

 Our standard of review concerning appeal from the grant of a motion for directed verdict is for correction of errors at law. *Mensink v. American Grain,* 564 N.W.2d 376, 379 (Iowa 1997). In such cases, we review the evidence presented in the light most favorable to the nonmoving party to determine whether a

fact question was generated. *Id.* Where substantial evidence does not exist to support each element of a plaintiff's claim, the court may sustain the motion. *Olson v. Nieman's Ltd.,* 579 N.W.2d 299, 313 (Iowa 1998). "Evidence is substantial if reasonable minds could accept it as adequate to reach the same findings." *Id.*

## A. Applicable legal principles.

 The rule is well established that before a plaintiff may recover damages allegedly caused by another's negligence, the plaintiff must establish a legal duty owed to the plaintiff by the wrongdoer. *Ries v. Steffensmeier,* 570 N.W.2d 111, 114 (Iowa 1997). In those situations where the injured party alleges a failure to act on the part of the defendant, the law ordinarily requires the existence of a special relationship between the injured party and the alleged negligent party before a legal duty will be found to exist. *See Bohan v. Hogan,* 567 N.W.2d 234, 236–37 (Iowa 1997); *Keller v. State,* 475 N.W.2d 174, 179 (Iowa 1991) (stating that linkage between existence of legal duty and particular relationship of the parties is not required when the direct consequences of a negligent, affirmative act cause harm to another); *Kelly v. Sinclair Oil Corp.,* 476 N.W.2d 341, 354 (Iowa 1991). "The issue of whether a particular duty arises out of parties' relationships is always a matter of law for the court to decide." *Kelly,* 476 N.W.2d at 354.

## B. Application of law to facts.

In the present case, plaintiff seeks to impose liability on Anderson, alleging that Anderson had a duty to prevent the theft of beer from the beer truck by Michael and Jones and that Anderson's failure to properly secure the beer trailer from theft was negligence that was a proximate cause of the accident. Plaintiff also contends that the theft, possession and consumption of beer by minors, and operation of a motor vehicle by a minor while intoxicated, were within the scope of the original risk related to Anderson's failure to properly secure the beer trailer from theft.

 Upon our review, we conclude that defendant Anderson owed no duty to plaintiff's decedent to guard against theft from the beer truck. First, there is no evidence in the record that Ike Auen Distributing had experienced a theft of beer from a beer truck or that a theft of this type had ever before been reported to law enforcement authorities. Moreover, there are no special circumstances to create liability in this case. For instance, the convenience store where the theft occurred is located in a rural, low-traffic, low-crime area, not in a high-crime or "hard-drinking" area. *See Roadway Express, Inc. v. Piekenbrock,* 306 N.W.2d 784, 786 (Iowa 1981) (discussing cases where issues of motorist's negligence, liability and proximate cause relating to owner's alleged negligence in leaving keys in ignition of parked car were questions for the jury because those cases involved "special circumstances," i.e., parking vehicle in high crime area, but holding that motorist's act of leaving keys in ignition was not a proximate cause of injuries caused to third-party by car thief who caused accident). In any event, Anderson was entitled to assume that Michael and Aaron would obey the law and not steal beer from the truck. *See id.* ("one may assume others will obey the law"). These facts also show that no special relationship existed between defendant Anderson and members of the driving public in this factual situation. We therefore conclude that the district court properly sustained defendant Anderson's motion for directed verdict due to lack of duty on the part of Anderson to plaintiff, and we need not address the proximate cause question. We affirm on this issue.

In light of the conclusions reached above, we need not address the issues raised in the briefs of defendants Aaron Jones and Jennifer Orth.

## IV. Disposition.

We conclude that the district court correctly determined that defendant Michael Kruckenberg's criminal conviction was preclusive in the present civil case on the issue of who was driving the Kruckenberg vehicle at the time it collided with Laurie Dettmann's vehicle. We further conclude that the court committed no reversible error in not allowing the Kruckenbergs to call an expert witness to testify regarding the speed that the Kruckenberg vehicle was traveling at the time of the accident. We affirm the district court on these issues as to defendants Kruckenberg.

We also conclude that the district court properly sustained the motion for directed verdict of defendants Anderson and Auen and correctly entered judgment in their favor. We find no reversible error on other issues raised by the parties and affirm the judgment of the district court.

**AFFIRMED.**

All justices concur except NEUMAN, J., who takes no part.