**IN THE COURT OF APPEALS OF IOWA**

No. 18-0864
Filed July 3, 2019

**DOYLE KINZENBAW,**
      Plaintiff-Appellant,

**vs.**

**ERIC TINDAL and NIDEY, ERDAHL, TINDAL & FISHER, PLC,**
      Defendants-Appellees.

_____

Appeal from the Iowa District Court for Linn County, Sean W. McPartland, Judge.

A client appeals the grant of summary judgment in favor of his former attorney in a legal malpractice action. **AFFIRMED.**

Peter C. Riley of Tom Riley Law Firm, P.L.C., Cedar Rapids, for appellant.

Gregory M. Lederer and Shannon M. Powers of Lederer Weston Craig PLC, Cedar Rapids, for appellees.

Considered by Doyle, P.J., and Tabor and Bower, JJ.

**TABOR, Judge.**

Doyle Kinzenbaw appears before our court for a second time. The first time he unsuccessfully challenged an order enforcing a settlement agreement among the beneficiaries of his mother's estate. We found substantial evidence supported the district court's conclusion that his attorney, Eric Tindal, had Kinzenbaw's consent to accept the settlement offer. *Estate of Kinzenbaw*, No. 15-0981, 2016 WL 4051674, at *4 (Iowa Ct. App. July 27, 2016)

Kinzenbaw then sued Tindal for legal malpractice, alleging the attorney did not have authority to settle his claim against the estate for the sum of $233,000. Kinzenbaw insisted his one-sixth interest in his mother's farm was worth as much as $850,000. Tindal moved for summary judgment, invoking issue preclusion on the question of Kinzenbaw's consent to the settlement agreement. The district court agreed Tindal's authority to settle was "an essential and dispositive issue" in the current case and granted summary judgment. Kinzenbaw appeals that ruling.

We review the grant of summary judgment for correction of legal error. *Employers Mut. Cas. Co. v. Van Haaften*, 815 N.W.2d 17, 22 (Iowa 2012). "Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Id.* Whether a party proves the elements of issue preclusion is a legal question. *Id.* "Issue preclusion therefore is appropriately adjudicated by summary judgment." *Id.*

Issue preclusion promotes judicial economy. *McIlravy v. N. River Ins. Co.*, 653 N.W.2d 323, 330 (Iowa 2002). It does so by preventing a party to a prior action from relitigating issues that were already raised and resolved. *Dettmann v. Kruckenberg*, 613 N.W.2d 238, 244 (Iowa 2000). The doctrine has four

requirements: (1) the issue previously determined must be identical to the present issue; (2) it must have been raised and litigated in the prior action; (3) it must have been material to the prior disposition; and (4) the issue's determination in the prior action must have been essential to the resulting judgment. *See id.*

Issue preclusion may be used defensively by a stranger to the judgment in the former action, who becomes the defendant in the second action. *Id.* For example, here, Tindal relies upon the prior judgment—affirmed by our court—as conclusively establishing in his favor an issue Kinzenbaw must prove as an element of legal malpractice. *See id.* But an exception exists to issue preclusion where "the party against whom preclusion is sought had a significantly heavier burden of persuasion with respect to the issue in the initial action than in the subsequent action." *McIlravy*, 653 N.W.2d at 330 (quoting Restatement (Second) of Judgments § 28(4) (1982)).

On appeal, Kinzenbaw argues the district court erred in deciding issue preclusion barred his suit against Tindal. He contends the court should have applied the exception for a first action bearing a heavier burden of persuasion. He emphasizes that in the prior action the attorney was "presumed to act with authority." *Gilbride v. Trunnelle*, 620 N.W.2d 244, 251 (Iowa 2000). The standard for overcoming the presumption was "clear and satisfactory proof." *Id.*

The district court nimbly knocked back Kinzenbaw's contention, explaining: "Plaintiff's analysis overlooks a key distinction between a presumption and the *burden of persuasion with respect to the issue*." The court observed the presumption of the attorney's authority in the first action was "closely connected to but distinct from the burden of persuasion necessary to prevail in any given civil

action."  The court further noted the effect of the presumption was to shift the burden of producing evidence with regard to the attorney's authority to Kinzenbaw. The court reasoned Kinzenbaw would confront the same presumption and its burden of rebuttal "[e]n route to proving his case here by a preponderance of the evidence."  The court concluded Kinzenbaw did not face in *Estate of Kinzenbaw* a significantly heavier burden of persuasion with respect to the issue of attorney Tindal's authority than he does in this malpractice action.

Upon review, we agree with the district court's detailed and well-reasoned opinion.  Accordingly, we affirm the order granting summary judgment under Iowa Court Rule 21.26(1)(d) ("The record of the proceeding includes an opinion of the court or agency whose decision is being reviewed, the opinion identifies and considers all the issues presented, and the appellate court approves of the reasons and conclusions in the opinion.").

**AFFIRMED.**