# IN THE COURT OF APPEALS OF IOWA

No. 18-1277
Filed June 3, 2020

**JOHN E. MORROW,**
        Plaintiff-Appellant,

**vs.**

**DAN KEHRET, JUNE KEHRET, and VICTORIA KEHRET,**
        Defendant-Appellees.
_____

        Appeal from the Iowa District Court for Page County, Richard H. Davidson,

Judge.

        Plaintiff appeals the district court's rulings on several issues in his

defamation action.  **AFFIRMED.**

        J. Barton Goplerud and James R. Hinchliff of Shindler, Anderson, Goplerud

& Weese, P.C., West Des Moines, for appellant.

        Samuel C. Anderson of Swisher & Cohrt, P.L.C., Waterloo, for appellees.

        Heard by Doyle, P.J., and Tabor and Schumacher, JJ.

**SCHUMACHER, Judge.**

Following a verdict in which a jury found that John E. Morrow failed to prove his defamation case against any of the defendants, Morrow appeals several of the district court's rulings.[1]  Morrow alleges that the district court erred by denying his motion to compel; by denying his motion in limine as to the testimony of Karla Miller; by granting a partial directed verdict at the close of his case on certain statements made by the defendants; and by granting a partial directed verdict at the close of defendants' case.

We review the district court's rulings on motions for directed verdict for correction of errors at law.  *Estate of Pearson ex rel. Latta v. Interstate Power & Light Co.*, 700 N.W.2d 333, 340 (Iowa 2005).  In reviewing such rulings, we view the evidence in the light most favorable to the nonmoving party to determine whether the evidence generated a fact question.  *Dettmann v. Kruckenberg*, 613 N.W.2d 238, 250–51 (Iowa 2000).  To overcome a motion for directed verdict, substantial evidence must exist to support each element of the claim or defense. *Id.* at 251.  Substantial evidence exists if reasonable minds could accept the evidence to reach the same findings.  *Id.*; s*ee also Yates v. Iowa W. Racing Ass'n*, 721 N.W.2d 762, 768 (Iowa 2006).

Prior to jury trial, Morrow filed a motion to compel.  Among other documents requested in the motion to compel, Morrow sought to compel the production of the medical records of one of the defendants "from 2012 to present," which the district court denied, finding that there was no showing that the medical records were

---

[1] The facts of the defamation action are fully set forth in the record and are not repeated in this opinion.

relevant to the proceeding.[2]  Based on full review of the record, we find the district court did not abuse its discretion and affirm on this issue.

Morrow also filed a motion in limine seeking to exclude testimony from defendants' expert witness, Karla Miller.  The court permitted the expert to testify but provided parameters for the expert's testimony, including the disallowance of vouching testimony.  We find no abuse of discretion on this issue and affirm.

The district court found some of the statements made by defendants were not defamatory per se.  As to these statements, the court found they were opinions that were not objectively verifiable and granted the defendants' motion for directed verdict.  *See Yates*, 721 N.W.2d at 771 ("[T]he framework of analysis is no longer whether the alleged defamatory statement is fact or opinion.  Rather the framework of analysis now is whether the alleged defamatory statement can reasonably be interpreted as stating actual facts and whether those facts are capable of being proven true or false.").

The court found other statements made by defendants to be defamatory per se.  The court, however, found these statements, except one, were protected by a qualified privilege.  *See Barreca v. Nickolas*, 683 N.W.2d 111, 118 (Iowa 2004).

> Otherwise actionable statements may be nevertheless rendered nonactionable when spoken or written pursuant to a qualified or absolute privilege.  A communication is qualifiedly privileged if
> (1) the statement was made in good faith; (2) the defendant had an interest to uphold; (3) the scope of the statement was limited to the identified interest; and (4) the statement was

---

[2] At the time of trial, Morrow was in possession of the Unity Point Clinic records from July 1994—May 2015 for the defendant for whom the medical records were requested in Morrow's motion to compel.  Morrow obtained these records by use of a subpoena to the Floyd County Attorney's Office, who was in possession of those records for purposes of a criminal investigation.

> published on a proper occasion, in a proper manner, and to proper parties only.

*Bandstra v. Covenant Reformed Church*, 913 N.W.2d 19, 47–48 (Iowa 2018) (quoting *Barreca*, 683 N.W.2d at 118). Considering the test for whether a statement is a qualified privilege found in *Bandstra*, we find the district court did not err in granting a directed verdict concerning the qualified privilege statements.

"Qualified privilege may be lost, however, if the speaker abuses the privilege by speaking with actual malice or excessively publishing the statement 'beyond the group interest.'" *Id.* at 48 (quoting *Kliebenstein v. Iowa Conference of United Methodist Church*, 663 N.W.2d 404, 407 (Iowa 2003)). "A statement is made with actual malice if the speaker 'acted with knowing or reckless disregard of the truth of the statement.'" *Id.* (quoting *Barreca*, 683 N.W.2d at 121).

The defendants claim the statements were substantially true, so plaintiff's arguments concerning opinion and qualified privilege are irrelevant. "[I]f an allegedly defamatory statement is substantially true, it provides an absolute defense to an action for defamation." *Yates*, 721 N.W.2d at 768–69. Defendants have the burden to prove the affirmative defense. *See Spencer v. Spencer*, 479 N.W.2d 293, 296 (Iowa 1991). We agree with the defendants' argument.

For the statement that was determined not to be protected by a qualified privilege, the jury was instructed it should find defendants liable if they found (1) the statement was made and (2) the statement was published, unless they found defendants had proven the defense of truth, which was explained in a separate instruction. The statement at issue was made and sent to a friend through Facebook Messenger. The jury found Morrow did not prove his claim of

defamation.  Because there was no dispute defendants made and published the statement, we conclude the jury found defendants met their burden to show the affirmative defense of truth.  "We construe jury verdicts liberally to give effect to the intention of the jury." *Ludman v. Davenport Assumption High Sch.*, 895 N.W.2d 902, 916 (Iowa 2017).

We therefore hold that even if the trial court erred in finding the statements to be opinions or protected by qualified privilege, Morrow's claims concerning the district court's ruling on qualified privilege are irrelevant based the jury's verdict.  For this same reason, we conclude the district court did not err by granting a directed verdict on statements made by defendants that were repeated by another person.  The defendants would not be liable for these statements, as they proved their affirmative defense by showing the truth of the statements.

We affirm the judgment for defendants.  Costs of the appeal are assessed to John Morrow.

**AFFIRMED.**